[Crim. No. 30598. Second Dist., Div. Five. Oct. 10, 1979.]

THE PEOPLE, Plaintiff and Respondent, v.
ROLAND BONNER, Defendant and Appellant.

## COUNSEL

Stephen Gilbert, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger and George Deukmejian, Attorneys General, Jack R. Winkler and Robert H. Philibosian, Chief Assistant Attorneys General, S. Clark Moore, Assistant Attorney General, Edward T. Fogel, Jr., Juliet H. Swoboda, Frederick Grab and Robert S. Henry, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

KAUS, P. J.—On March 11, 1977, defendant was sentenced for violations of section 11351 of the Health and Safety Code. The court found that as charged in count 1 of the information defendant "possessed for sale one-half ounce or more of heroin within the meaning of Penal Code section 1203.07." Defendant appealed. On August 30, 1978, we filed an opinion in which we affirmed the conviction on the issue of guilt but found that the record did not contain substantial evidence that the heroin in question weighed one-half ounce or more. We remanded therefore for the sole purpose of retrying the question of weight.

Defendant petitioned for a rehearing and drew our attention to *Burks v. United States* (1978) 437 U.S. 1 [57 L.Ed.2d 1, 98 S.Ct. 2141], and its impact on the retrial which we had ordered.

The defendant in *Burks* had been tried for robbery. The court of appeals reversed on the ground that the evidence was insufficient to support the verdict. It did not, however, terminate the prosecution but returned it to the district court with directions which made a further trial possible. Prohibiting any further proceedings, the Supreme Court held that the double jeopardy clause "forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it

failed to muster in the first proceeding. This is central to the objective of the prohibition against successive trials." (*Id.*, p. 11 [57 L.Ed.2d at p. 9].)

As Bonner sees it, the court was talking about him. The limited retrial which we ordered could convert a probationable conviction into one for which state prison was mandated—provided, of course, that this time the People are able to prove what they were unable to show at the first trial—that defendant possessed a half-ounce of a substance containing heroin. (See Pen. Code § 1203.07, subd. (a).) The People deny that *Burks* is relevant to this situation because, in their view, the weight of the heroin does not change the offense but only affects the punishment.

The People's argument puts an undue premium on labels. If the State of California had defined two offenses, one of which prohibited the possession for sale of substances containing heroin in an amount of less than one-half ounce, with respect to which offense the trial court was authorized to grant probation and another offense called "possession for sale of one-half ounce or more of a substance containing heroin," with respect to which probation could not be granted, there could be no question that *Burks* applies. From a constitutional point of view the result cannot be different simply because California achieves its purpose by ignoring the weight of the contraband in its definition of the offense, prescribing, however, different punishments which do depend on that very factor. ■ It is therefore our view that the double jeopardy clause as explicated in *Burks* prevents a retrial of the question of the amount of heroin which defendant possessed.[1]

The practical effect of all this is that there is nothing left for the trial court to do, except to sentence defendant as a person convicted of possessing for sale less than one-half ounce of a substance containing heroin. This means that the court may sentence defendant to prison and deny probation, but is not required to do so.

Reversed.

Ashby, J., and Hastings, J., concurred.

A petition for a rehearing was denied October 25, 1979, and the petitions of both parties for a hearing by the Supreme Court were denied December 13, 1979.

---

[1]In our previous opinion we adversely disposed of a contention to the effect that the trial counsel was inadequate. We adhere to our views on that point.