158 Cal.App.3d 18 (1984)
204 Cal. Rptr. 498
In re SONIA G. et al., Minors.
KERN COUNTY WELFARE DEPARTMENT, Petitioner and Appellant,
v.
STANLEY R., Objector and Appellant.
Docket No. F002110.
Court of Appeals of California, Fifth District.
June 29, 1984.
*19 COUNSEL
Ralph B. Jordan, County Counsel, and Evelyn Keller, Deputy County Counsel, for Petitioner and Appellant.
Susan Sutherland, under appointment by the Court of Appeal, for Objector and Appellant.
Peter C. Carton, under appointment by the Court of Appeal, for Minors.
[Opinion certified for partial publication.[1]]
OPINION
MARTIN, J.
In February 1981, the Kern County Superior Court, after hearing, adjudged minors D.R. (hereinafter D.) and her halfsister Sonia G. to be dependent children. In May 1981, Stanley R. was found guilty of orally copulating D. and Sonia in violation of Penal Code section 288a, subdivision (c) and performing lewd and lascivious acts upon Sonia, a child under the age of 14 years, in violation of Penal Code section 288, subdivision *20 (a). Stanley R. appealed these convictions. That appeal was pending and the convictions not final at the time of the hearing on petitions of Kern County Welfare Department (Department)[2] to declare D. and Sonia free from parental custody and control. After a contested hearing on these petitions, judgment was entered declaring the minor children free from parental control pursuant to Civil Code section 232, subdivisions (a)(1) and (2).[3] The trial court found the minors did not come within the definitions contained in section 232, subdivision (a)(4).
Stanley R. appeals from the findings under section 232, subdivision (a)(1) and (2). Department appeals from the finding under section 232, subdivision (a)(4).

STATEMENT OF FACTS
D., born August 7, 1975, is the daughter of Diane R. and Stanley R. She was seven years old at the time of the contested hearing.
Sonia, born August 27, 1973, is the daughter of Diane R. and her former husband (now deceased). Sonia was nine years old at the time of the contested hearing. These minors were taken into custody by the Department on January 8, 1981, after they reported they were the victims of sexual abuse by Stanley R. They were ages five and seven respectively at the time they were taken into custody.
Stanley R. saw both children during the contested jurisdictional hearings in juvenile court on February 3, 1981. He again saw his children at his preliminary hearing on the criminal charges on February 18, 1981. He also saw them at his criminal trial on April 30, 1981.
The Department received a letter from Stanley R. dated February 1, 1982, postmarked February 3, 1982, addressed to the "Welfare Department." In this letter he requested information so that he could write to D. and expressed a desire to "keep in tuch [sic]" with D. and to see her again. (Ibid.) In a subsequent letter dated February 11, 1982, postmarked February 16, 1982, addressed to Fred B. Logan, Stanley R. again asked for D.'s address, indicated the Department had refused to provide him with her address, indicated that his son and daughter would provide a home for her during his imprisonment at the end of which time he indicated a desire to keep his child and a lack of consent as to her proposed adoption.
*21 An undated letter from Stanley R. to a "Miss Glenn" (reportedly Catherine Glenn of the Kern County Probation Department) alleged that he wrote several times to a "Mister Frida Fisher and the Welfare Department" for the address of D. and his stepdaughter Sonia but never received an answer. This letter also indicated that Stanley R.'s son and daughter-in-law would provide a home for D. until his release from prison. This letter was received in an envelope postmarked August 26, 1982.
On July 16, 1982, the Department filed a petition to declare D. and Sonia free from parental custody and control. The hearing was held on November 2, 1982.
On December 21, 1982, the court signed the judgment and order declaring the children free from the parental custody and control of Stanley R.

DISCUSSION

I[*]
.... .... .... .... .... .... .

III
The Department sought a severance of the parental relationship on the basis of section 232, subdivision (a)(4), which provides as follows: "(a) An action may be brought for the purpose of having any child under the age of 18 years declared free from the custody and control of either or both of his or her parents when the child comes within any of the following descriptions:
".... .... .... .... .... .... .
"(4) Whose parent or parents are convicted of a felony, if the facts of the crime of which the parent or parents were convicted are of a nature so as to prove the unfitness of the parent or parents to have the future custody and control of the child."
(1a) The trial court declined to sever the relationship on the basis of section 232, subdivision (a)(4) since an appeal of Stanley R.'s criminal conviction was pending at the time of the abandonment proceedings and therefore was not a final judgment. Department appeals on this issue.
*22 This appears to be a matter of first impression.
"In California, as in other jurisdictions, `the word "conviction" has been used with varying meanings.'" (Helena Rubenstein Internat. v. Younger (1977) 71 Cal. App.3d 406, 415 [139 Cal. Rptr. 473].) "[T]he term `conviction' has historically had, and continues to have, at least two accepted meanings: (1) the jury verdict, and (2) the judgment following the verdict." (Id., at p. 413.) The court in Helena Rubenstein concluded: "... [T]he terms `convicted' and `conviction' have not had a fixed single meaning in California law. In the context the statutes or constitutional provisions imposing civil penalties or disabilities, they have never been construed to mean the verdict of guilt." (Id., at p. 418.)
It is interesting to note that the United States Code defines "convicted" as follows: "`Conviction' and `convicted' mean the final judgment on a verdict or finding of guilty, a plea of guilty, or a plea of nolo contendere, and do not include a final judgment which has been expunged by pardon, reversed, set aside or otherwise rendered nugatory." (18 U.S.C.A. § 4251.)
Thus, although a judgment of guilt is entered, if an appeal is pending, the appeal suspends the effect of the judgment. (2) "A judgment is not final if there still remains some legal means of setting it aside.... Certain means to that end have been made available to the accused. The traditional method was by appeal." (Stephens v. Toomey (1959) 51 Cal.2d 864, 869 [338 P.2d 182].)[5]
The Department argues that the provisions of section 232, subdivision (a)(4) do not directly impose civil penalties or disabilities on a parent as a result of the `conviction' of a felony. It is only imposed when the court finds by clear and convincing evidence that (1) the parent was convicted of a felony, (2) the facts of the crime are of a nature so as to prove the unfitness of the parent, and (3) that at the time of the hearing a return of custody to the parent would be detrimental to the children. Only then can it order termination of parental rights under section 232, subdivision (a)(4). Department argues that this distinction between direct disabilities and collateral consequences should control this court's decision. Stanley R. was convicted by a jury of sexually molesting these children. Department asserts that the rendition of a jury verdict on these counts should be found to satisfy the initial inquiry requisite to an order terminating his parental rights under section 232, subdivision (a)(4).
*23 There is strong legislative policy which supports an expeditious resolution of a child's future to provide stability and security of an adoptive home. (§ 232.6.) "It is the public policy of this state that judicial proceedings to declare a child free from parental custody and control shall be fully determined as expeditiously as possible." (§ 232.3, subd. (a).) "It is the policy of the Legislature that foster care should be a temporary method of care for the children of this state, that children have a right to a normal homelife, ... and that this state has a responsibility to attempt to ensure the children are given the chance to have a happy and healthy life, and that, to the extent possible, the current practice of moving children receiving foster care services from one foster home to another until they reach the age of majority should be discontinued." (Welf. & Inst. Code, § 396.)
(3) However, the involuntary termination of the parent-child relationship by state action must be viewed as a drastic remedy which should be resorted to only in extreme cases. (In re Cynthia K. (1977) 75 Cal. App.3d 81, 84 [141 Cal. Rptr. 875].) Thus, in light of the serious consequences flowing from a permanent severance of a parental relationship (In re Jacqueline H. (1978) 21 Cal.3d 170, 175 [145 Cal. Rptr. 548, 577 P.2d 683]) and the strong policy considerations favoring parental custody over that of nonparents, in In re Heidi T. (1978) 87 Cal. App.3d 864, 870 [151 Cal. Rptr. 263], the court held that the appropriate standard to be applied in section 232 proceedings requires proof by clear and convincing evidence. A judgment which is not yet final and may be reversed on appeal falls far short of the requirement of proof by clear and convincing evidence necessary to permanently sever a parental relationship.
If the term "conviction" were to mean a mere finding of guilt, regardless of the outcome of an appeal, a child could be declared free from parental control, adopted, and then later claimed by the natural parent again after a ruling of reversal on said parent's criminal appeal. For instance, if a reviewing court determined that there had been insufficient evidence presented at a criminal prosecution and reversed the conviction on that ground, the defendant in that case could not be retried. (Burks v. United States (1978) 437 U.S. 1, 16-18 [57 L.Ed.2d 1, 12-14, 98 S.Ct. 2141]; People v. Bonner (1979) 97 Cal. App.3d 573, 574-575 [158 Cal. Rptr. 821].)
We recognize the disadvantage of awaiting an affirmance on appeal before initiating a section 232, subdivision (a)(4) proceeding. However, it would appear that in a substantial number of cases in which a felony conviction of the type referred to in section 232, subdivision (a)(4) is pending appeal, the facts will be present, as they were in this case, to declare the child free *24 from parental custody and control based on one of the other subdivisions of section 232.
(1b) We therefore conclude that the term "convicted" as used in section 232, subdivision (a)(4) is limited in application to a final judgment. The trial court so concluded and properly declined to sever the parental relationship on the basis of this section.
The judgment is affirmed.
Woolpert, Acting P.J., and Hamlin, J., concurred.
NOTES
[1] Parts I and II are not published, as they do not meet the standards for publication contained in rule 976(b), California Rules of Court.
[2] Judgment was affirmed and a remittitur issued on June 16, 1983. (People v. Stanley R. (Apr. 15, 1983, 5 Crim. F777).)
[3] All statutory references are to the Civil Code unless otherwise specified.
[*] See footnote 1, ante, page 18.
[5] Section 577 of the Code of Civil Procedure defines "judgment" as the "final determination of the rights of the parties in an action or proceeding."