[No. G006852. Fourth Dist., Div. Three. Jan. 31, 1990.]

THE PEOPLE, Plaintiff and Respondent, v.
MARY C. HOCKERSMITH, Defendant and Appellant.

## COUNSEL

Fiedler, Gardner & Derham and Robert Fiedler for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Arnold O. Overoye, Acting Chief Assistant Attorney General, Harley D. Mayfield, Assistant Attorney Gerenal, M. Howard Wayne and Carl H. Horst, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**SCOVILLE, P. J.**—Defendant Mary Hockersmith was charged with possession of cocaine. (Health & Saf. Code, § 11350.) It was further alleged she had suffered a prior conviction for sale of a narcotic within the meaning of Health and Safety Code section 11370, subdivision (a). Following a jury trial, defendant was found guilty of possession of cocaine. The trial court denied probation and sentenced defendant to the low term of 16 months in prison. In sentencing defendant, the trial court specifically stated it was denying probation only under the compulsion of Health and Safety Code section 11370, subdivision (a), and the only basis for such action was a finding the alleged prior conviction was true.[1]

Defendant contends the alleged prior conviction was neither admitted nor proved at trial. We have reviewed the record and it appears defendant did not admit the charged prior. No motion was made to bifurcate trial of the prior from the main charge, nor did defendant waive jury trial with respect to it.[2] In addition, neither the clerk's nor the reporter's transcript indicates that a hearing was had or that any evidence was taken with respect to the charged prior.

Respondent concedes the record is ambiguous and hence does not support a determination the jury considered and came to a decision on the prior conviction. Respondent asserts the proper remedy under the circum-

---

[1] Health and Safety Code section 11370, subdivision (a) provides, among other things, that a person convicted of a violation of Health and Safety Code section 11350 "shall not in any case be granted probation by the trial court . . . if he or she has been previously convicted of any offense described in subdivision (c) [including a violation of Health and Safety Code section 11350]."

[2] The parties seem to have assumed such a waiver took place. The form minute order for June 7, 1988, provides, "The Court finds that 1 Prior(s) (was) charged and found to be true or were admitted (other than PC 667.5c)."

stances is a remand for new trial on the prior conviction allegation. Defendant, on the other hand, claims retrial is barred under the principles of double jeopardy and we should remand the matter for resentencing with instructions that defendant is eligible for probation. We agree with defendant.

■ Jeopardy attaches in criminal cases when a jury is impaneled and sworn to try a case. (*Crist* v. *Bretz* (1978) 437 U.S. 28 [57 L.Ed.2d 24 [98 S.Ct. 2156]; *Serfass* v. *United States* (1975) 420 U.S. 377, 388 [43 L.Ed.2d 265, 274, 95 S.Ct. 1055]; *Jackson* v. *Superior Court* (1952) 10 Cal.2d 350, 352 [74 P.2d 243, 113 A.L.R. 1422].) ■ If a criminal conviction is reversed for insufficiency of the evidence the principles of double jeopardy prevent a retrial. (*Burks* v. *United States* (1978) 437 U.S. 1, 11 [57 L.Ed.2d 1, 9, 98 S.Ct. 2141]; *In re Johnny G.* (1979) 25 Cal.3d 543, 546 [159 Cal.Rptr. 180]; *People* v. *Belton* (1979) 23 Cal.3d 516, 527 [153 Cal.Rptr. 195, 591 P.2d 485].) The reason is: " 'The Double Jeopardy Clause forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding. This is central to the objective of the prohibition against successive trials.' [Citations.]" (*Stone* v. *Superior Court* (1982) 31 Cal.3d 503, 515 [183 Cal.Rptr. 647, 646 P.2d 809].)

■ These basic rules of constitutional law apply in the context of a trial of a prior conviction when insufficient evidence is introduced to sustain the allegation. In *People* v. *Jones* (1988) 203 Cal.App.3d 456 [249 Cal.Rptr. 840], a jury convicted the defendant of battery on a nonprisoner by a prisoner and, in a bifurcated proceeding, found two prior felony convictions to be true. The appellate court found there was a failure of proof as to an element of a prior conviction allegation and, as a result, held "retrial thereon is prohibited," applying double jeopardy principles. (*Id.* at p. 460.)

Thus, where a defendant is charged, as here, with a prior felony conviction; the jury is impaneled and sworn; defendant does not waive jury trial on the issue; and no evidence is offered to prove the prior conviction; double jeopardy attaches and bars any retrial of the prior felony conviction.

■ Respondent argues jeopardy does not attach to prior conviction allegations because such allegations do not "involve substantive offenses" and "merely provide for increased punishment of those offenders whose prior convictions fall within the prescribed category."

■ In determining whether jeopardy attaches to a particular determination, the court focuses on two factors: 1) whether the procedures involved in adjudicating the issue are those traditionally associated with criminal trials,

and; 2) whether the sanction imposed as a consequence of the determination is punitive in nature. (See e.g., *Arizona* v. *Rumsey* (1984) 467 U.S. 203, 209-211 [81 L.Ed.2d 164, 170-171, 104 S.Ct. 2305]; *Bullington* v. *Missouri* (1981) 451 U.S. 430, 434-438 [68 L.Ed.2d 270, 276-279, 101 S.Ct. 1852]; *Breed* v. *Jones* (1975) 421 U.S. 519 [44 L.Ed.2d 346, 95 S.Ct. 1779]; *One Lot Emerald Cut Stones* v. *United States* (1972) 409 U.S. 232, 235-236 [34 L.Ed.2d 438, 442-443, 93 S.Ct. 489].)

■ Procedures required in California for pleading and proof of prior conviction allegations which affect punishment include the following: The accusatory pleading must allege a charged prior conviction. (*People* v. *Lo Cicero* (1969) 71 Cal.2d 1186, 1192 [80 Cal.Rptr. 913, 459 P.2d 241]; Pen. Code, § 969.) The defendant must be arraigned on and allowed to plead to the charge. (Pen. Code, § 1025.) The defendant is entitled to a jury trial and the burden is on the prosecution to prove each element of the charged prior conviction beyond a reasonable doubt. (*People* v. *Morton* (1953) 41 Cal.2d 536, 539 [261 P.2d 523]; Pen. Code, § 1025.) If the defendant does not admit the prior conviction and is found guilty of the main offense, the trier of fact must also make a special finding on the prior conviction charge. And if more than one prior conviction is charged, a separate finding must be made as to each one. (Pen. Code, § 1158.) The procedures involved in the adjudication of a prior conviction are clearly those traditionally associated with the trial of criminal cases.

■ In addition, the penalty resulting from such a determination is punitive in nature. Under Health and Safety Code section 11370, subdivision (a), adjudication of a prior conviction for possession of a controlled substance makes jail time mandatory for the defendant. In *People* v. *Rice* (1988) 200 Cal.App.3d 647, 654 [246 Cal.Rptr. 177] the court stated, "The purpose of imposing sanctions for prior convictions is to punish and deter recidivist behavior. As the court explained in *People* v. *Johnson* (1979) 95 Cal.App.3d 352, 357-358 [157 Cal.Rptr. 150] . . .: 'The law is well established that, . . . the increased penalty for a prior is attributable solely to the new, rather than the former, crime and its purpose is to discourage recidivist criminal conduct [citations].' As stated in *People* v. *Biggs* (1937) 9 Cal.2d 508, 512 [71 P.2d 214, 116 A.L.R. 205] . . ., ' "it is the second or subsequent offense which is punished, not the first" '; . . . ."

■ The above principles were correctly applied in *People* v. *Wojahn* (1984) 150 Cal.App.3d 1024 [198 Cal.Rptr. 277]. There, the defendant was charged with a prior conviction, which he denied. Defendant moved for a bifurcated trial on the prior conviction but did not waive his right to jury trial on that issue. After trial on the main offenses, but before any evidence had been offered on the prior conviction, the jury was mistakenly dis-

charged. Over the defendant's objection, the court instituted a new proceeding to determine the truth of the prior conviction allegation. The defendant waived his right to a jury trial, offered no evidence, and the court entered a finding the prior was true. The appellate court held, "[T]hat when the jury was sworn, it was sworn to try both the issue of guilt of the substantive criminal offense *and* the issue of the truth of the alleged prior conviction. Consequently jeopardy attached to *both* issues. When the trial court improvidently discharged the jury after it returned a guilty verdict but before the issue of the prior conviction was tendered to it, double jeopardy considerations prohibited the impanelling of a new jury to try the issue of the prior conviction." (*Id.* at p. 1035, original italics; see *People* v. *Casillas*▮ (Cal.App.).)[3]

Respondent relies on *People* v. *Laury*▮ (Cal.App.) which reached the opposite conclusion. In *Laury* the charges included an allegation defendant was ineligible for probation because he had been convicted of two prior felonies. (Pen. Code, § 1203, subd. (e)(4).) The defendant denied the charge and did not waive his right to a jury trial with respect to the alleged priors. After the jury found him guilty on the main offense, it was discharged without presentation of any evidence and without rendering a verdict on the prior conviction allegations. Despite lack of express jury findings regarding the prior convictions, the court denied defendant probation stating it would grant probation if the defendant were statutorily eligible. The appellate court determined defendant was denied his right to a jury trial on the prior conviction allegations. (*People* v. *Laury*■ (Cal.App.).) However, the appellate court refused to follow *Wojahn* and concluded the matter could be remanded for new trial on the prior felony convictions. The court stated, "Proof of prior convictions does not involve substantive offenses. It merely provides for increased punishment of those whose prior convictions fall within the scope of certain statutes. [Citation.] Proof of Laury's prior convictions does not place him in jeopardy in connection with those former offenses. It prohibited probation under section 1203, subdivision (e)(4). There is nothing prejudicial involved in a limited new trial on the issue of Laury's challenged prior convictions. [Citation.]" (*People* v. *Laury*▮ (Cal.App.).)

*People* v. *Bonner* (1979) 97 Cal.App.3d 573 [158 Cal.Rptr. 821] debunked the *Laury* court's theory that because a prior conviction allegation involves only increased punishment double jeopardy principles are inapplicable. In *Bonner* the defendant was convicted of a violation of Health and Safety Code section 11351 and the court found he possessed one-half ounce or

---

[3] In *Wojahn* the trial court erroneously forced the defendant to try prior conviction issue, hence, waiver of his right to jury trial was without effect.

more of heroin for sale within the meaning of Penal Code section 1203.07, making the defendant ineligible for probation. The appellate court determined the quantity finding was unsupported by the evidence and first remanded for the purpose of retrying the quantity enhancement. On a petition for rehearing, the court concluded such a retrial would violate the principles of double jeopardy. The People argued that, "the weight of the heroin does not change the offense but only affects the punishment." (*Id.* at p. 575.) The court rejected that argument as putting "an undue premium on labels." (*Ibid.*)

The *Laury* court relied on *People* v. *Morton, supra,* 41 Cal.2d 536 and *People* v. *Ysabel* (1938) 28 Cal.App.2d 259 [82 P.2d 476]. In *People* v. *Ysabel* a jury found defendant guilty of escape but was unable to reach a verdict as to two prior felony conviction charges. The defendant was sentenced on the escape charge and held for retrial on the prior conviction allegations. On defendant's motion, the trial court dismissed further proceedings on the prior convictions and that ruling was affirmed on appeal. The appellate court concluded the prior conviction allegations could not be retried in a new proceeding by a new jury once the original jury had made its determination on the main charge and been discharged. The court stated, "We think it clearly appears, especially since the amendment of section 969a in 1931, that the intent of these statutes is that the charge of prior convictions shall be passed upon in connection with the new offense charged and by the same jury. No other procedure is in terms authorized and the whole spirit and intent of these statutes appear to be that a prior conviction charge is to be determined solely as one of the issues in the trial for the new offense. Prior convictions are to be considered for their effect upon the new offense charged and the statute provides that if the jury finds a verdict of guilty as to the new offense, or main issue, it shall also pass upon the other question. This can no longer be done here since the main issue has been determined, the judgment pronounced and the jury discharged." (*Id.* at pp. 263-264.)

The court in *Ysabel* did not discuss the principles of double jeopardy other than to mention the obvious point that "the statutory provisions for alleging and proving prior convictions do not have the effect of again placing a defendant in jeopardy in connection with *the former offenses* but merely affect the circumstances surrounding the commission of a new offense, and the resulting increased punishment relates only to the new offense." (28 Cal.App.2d at p. 261, italics added.) This statement says nothing about the possible double jeopardy effect of the prior conviction charge itself, yet the court in *Laury* seems to assume it does. (*People* v. *Laury*; and see the concurring opinion of Justice Barry-Deal in *People* v. *Casillas.* ■ It is

obvious, however, that the holding in *People* v. *Ysabel* provides no support for the decision in *Laury.*

*People* v. *Morton, supra,* 41 Cal.2d 536, is another matter. In that case the court concluded there was insufficient evidence to support a prior conviction allegation and that the case should be remanded for a limited new trial on the charge the defendant was an habitual criminal within the meaning of Penal Code section 644, subdivision (a). Apparently, no one raised the theory that double jeopardy would bar such a retrial since there is no discussion of that issue. (See also *People* v. *Meals* (1975) 48 Cal.App.3d 215 [121 Cal.Rptr. 742].) Accordingly, these cases are not precedent on the double jeopardy issue raised here.

In *Lockhart* v. *Nelson* (1988) 488 U.S. 33 [102 L.Ed.2d 265, 109 S.Ct. 285], the United States Supreme Court acknowledged retrial of an habitual criminal enhancement based on evidence of prior convictions was subject to a double jeopardy claim. In *Lockhart* the Supreme Court held retrial was permissible where evidence of a prior conviction was erroneously admitted since the reversal was based on trial court error rather than the presentation of an insufficient case. The case before us is distinguishable because here there was simply no evidence offered in support of the prior conviction charge.

Penal Code section 1025 specifically provides that the same jury which decides the issue of guilt on the main offense must hear and decide the question of the alleged prior conviction.[4] Penal Code section 1025 is an embodiment of double jeopardy principles.     ■■■     As was said in *Crist* v. *Bretz, supra,* 437 U.S. at page 35 [57 L.Ed.2d at page 31], "The reason for holding that jeopardy attaches when the jury is impaneled and sworn lies in the need to protect the interest of the accused in retaining a chosen jury."

■■■     In the case before us the issue of guilt on the main offense and the issue of truth of the alleged priors was submitted to one jury which was discharged without rendering a verdict on the priors. None of the cases which attempt to distinguish *Wojahn* are applicable here, and we find the

---

[4] Penal Code section 1025 provides in pertinent part: "When a defendant who is charged in the accusatory pleading with having suffered a previous conviction pleads either guilty or not guilty of the offense charged against him, he must be asked whether he has suffered such previous conviction. If he answers that he has, his answer must be entered in the minutes of the court, and must, unless withdrawn by consent of the court, be conclusive of the fact of his having suffered such previous conviction in all subsequent proceedings. If he answers that he has not, his answer must be entered in the minutes of the court, and the question whether or not he has suffered such previous conviction must be tried by the jury which tries the issue upon the plea of not guilty, or in case of a plea of guilty, by a jury impaneled for that purpose, or by the court if a jury is waived. . . ."

analysis of *People* v. *Laury*■ (Cal.App.) to be unconvincing. We find the suggestion in *People* v. *Laury* ▌ and in *People* v. *Morton, supra*, 41 Cal.2d at pages 544-545, that the failure to prove prior convictions is a mere technical defect to be ill-advised. We note again the words of the United States Supreme Court in *Burks* v. *United States, supra*, 437 U.S. at page 11 [57 L.Ed.2d at page 9], "The Double Jeopardy Clause forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding." (Fn. omitted.) We believe this principle is as applicable where the prosecution merely forgets to prove a charge as it is where the prosecution fails to offer sufficient evidence.

That part of the judgment finding defendant's prior conviction to be true is reversed and the matter is remanded for resentencing since defendant was eligible for probation.[4] In all other respects the judgment is affirmed.

Wallin, J., and Mandel, J.,† concurred.

Respondent's petition for review by the Supreme Court was denied April 26, 1990. Panelli, J., was of the opinion that the petition should be granted.

---

[4] We note in passing the trial court erred when it concluded it had no discretion to strike the prior conviction allegation and grant defendant probation. (*People* v. *Ruby* (1988) 204 Cal.App.3d 462, 465-466 [251 Cal.Rptr. 339].)

† Assigned by the Chairperson of the Judicial Council.