[No. B053048. Second Dist., Div. Seven. Feb. 19, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
WILLIAM CASILLAS ESQUIBEL, Defendant and Appellant.

**COUNSEL**

Harvey L. Goldhammer, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Acting Assistant Attorney General, Robert F. Katz and Karen Chappelle, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**WOODS (Fred), J.**—Appellant contends: (1) the trial court erred in failing to give a lesser included offense instruction; (2) a prior felony conviction

enhancement is invalid (Pen. Code,[1] § 667.5, subd. (b)); and (3) a section 12022.1 enhancement is invalid. We find contentions one and two without merit but agree with contention three. Accordingly, we in part affirm and in part reverse the judgment.

PROCEDURAL AND FACTUAL BACKGROUND

On September 8, 1989, two Long Beach police officers saw appellant in possession of a .05 gram bindle of tar heroin and arrested him. Sometime thereafter appellant was released on bail.

On December 12, 1989, appellant was again arrested and about 2 a.m. brought to the Long Beach jail for routine processing. A few hours later, shortly before 5 a.m., Long Beach Security Officer William Edwards began the rounds of his wake up duty. He awoke the inmates, directed them to "pass their blankets out," and to move to the dayroom. All complied except appellant. He refused to relinquish his blanket. Officer Edwards asked Security Officer Cruz to assist him. Appellant also refused Officer Cruz's requests that he relinquish his blanket. When Officer Edwards reached for the blanket appellant swung at him with gym shoes he was holding. He missed. When Officers Edwards and Cruz reached for appellant's elbows to walk him to a security cell, appellant swung his fist at Officer Edwards but again missed. The officers grabbed appellant, appellant resisted, and they all fell. Appellant kicked each officer. While the three of them were entangled a third security officer, Vielma, heard the commotion, jumped on the human pile, and assisted in the handcuffing of appellant. The altercation lasted a few minutes.

As a result of appellant's September 8, 1989, conduct, a one count information charging him with possession of heroin was filed on January 10, 1990 (case No. NA000849).

Meanwhile, as a result of appellant's in-jail conduct on December 12, 1989, a second felony case,[2] No. NA001862, had been filed against appellant. On March 20, 1990, the two informations were consolidated and on April 3, 1990, an amended-consolidated information was filed. By that information appellant was charged with seven felonies: possession of heroin (Health & Saf. Code, § 11350, subd. (a); count I), three counts of resisting an executive officer (§ 69; counts II, IV and VI), and three counts of battery upon a custodial officer (§ 243.1; counts III, V, and VII). Additionally, two enhancements were alleged. One, a section 667.5, subdivision (b) enhancement, alleged appellant had been convicted of burglary in April 1985 and

---

[1]Unless otherwise noted all statutory references are to the Penal Code.
[2]Neither that complaint nor the information is part of the record on appeal.

had served a prison term. The other, a section 12022.1 enhancement, alleged "as to count II-VII that at the time of the commission of the above offense [*sic*], [appellant] was released from custody on bail or on his own recognizance in case number NA 000849. . . ."

Appellant pleaded not guilty to the charges and denied the enhancement allegations.

A jury convicted appellant of counts I (possession of heroin), II (resisting Officer Cruz), misdemeanor obstructing Officer Cruz (§ 148), IV (resisting Officer Edwards), and V (battery of Officer Edwards) but acquitted him of counts III (battery of Officer Cruz), VI (resisting Officer Vielma) and VII (battery of Officer Vielma).

As to the enhancements, we defer our description to the Discussion portion of this opinion.

### DISCUSSION

1. *Appellant contends the count II and IV resisting-an-executive-officer convictions must be reversed because the trial court failed to instruct the jury that misdemeanor obstructing an officer (§ 148) was a lesser included offense.*

 Appellant's contention is not well taken.

The subject of possible lesser included offenses arose after the defense final argument but before the prosecution final argument. The trial court, outside the presence of the jury, stated: "Now, we conferred briefly in chambers as to that, and the court is of the opinion that perhaps the offenses of Penal Code section 242, battery, Penal Code section 240, simple assault, and Penal Code section 148, resisting or obstructing a police officer, might apply in this case. [¶] Mr. Karey [defense counsel], is it your desire to have any of those instructions given?"

Defense counsel replied that he wanted the "148" instruction but *objected* to both misdemeanor assault and misdemeanor battery instructions. His decision, he told the court, was one of trial tactics.

The trial court agreed to give the section 148 instruction and asked defense counsel: "Do you wish to add anything to your argument, closing argument to the jury relating to this?" Defense counsel said "No."

The trial court then instructed the jury that "the offense of resisting, delaying or obstructing an officer is a lesser offense" to counts III, V, and

VII (the felony *battery* counts) and if they had a reasonable doubt concerning those counts they could consider the lesser offense, which the trial court defined.

Thus, as to each security officer the jury could have found appellant guilty of section 69, a felony ("by . . . threat or violence . . . prevent[ing] an executive officer from performing any duty . . . or . . . by the use of force or violence [resisting] such officer . . . ."), section 243.1 a felony (battery against a custodial officer), or section 148, a misdemeanor (wilfully resisting, delaying, or obstructing a public officer).

It is clear the jury understood their options: they acquitted appellant of all charges with respect to Officer Vielma, the officer who belatedly joined the fray. As to Officer Cruz, the officer who assisted Officer Edwards, the jury acquitted appellant of battery but convicted him of felony resisting (§ 69) and misdemeanor obstructing (§ 148). As to Officer Edwards, the jury convicted appellant of both felony resisting (§ 69) and battery (§ 243.1).

Contrary to appellant's argument, it is of no significance the trial court characterized section 148 as a lesser offense included within section 243.1 rather than within section 69. However characterized, the jury was fairly presented with all three offenses and was free to find appellant's conduct violated all, some, or none of them.

We find no error.

2. *Appellant contends the prior felony conviction enhancement (§ 667.5, subd. (b)) is invalid.*

■ The nub of appellant's argument is bifurcation and untimely jury discharge. At the outset, before jury voir dire, the trial court asked defense counsel "what is your intent? Do you wish to bifurcate that issue?" and he said "yes." Next, still before jury voir dire, the trial court broached the subject of enhancement jury waiver. This colloquy occurred:

"THE COURT: And as far as the issue of bifurcation, then, Mr. Karey [defense counsel], at the present time it's your intent that, should the jury come back guilty, you wish the court to determine that? [¶] I just ask because I've got to put a big note in the file 'DON'T DISCHARGE THE JURY', if we don't resolve that at this time.

"MR. KAREY: One moment, your honor.

"THE COURT: Sure.

"(Mr. Karey confers with the defendant.)

"MR. KAREY: Your honor, yes, defense wishes to bifurcate that issue, if necessary. If it needs to be decided at a later date, we would have a court trial on that issue."[3]

Following the jury's verdicts regarding counts I-VII, and in accord with defense counsel's expressed wishes, the trial court discharged the jury without their having determined the subject enhancement. Thereafter appellant, on the record, was fully advised of his jury trial rights with respect to the enhancement. Appellant waived jury and admitted the subject allegation.

In reliance upon *Hockersmith, Dee,* and *West* appellant argues that discharging the jury *before he personally waived jury,* invalidates the enhancement on double jeopardy grounds. We disagree. As we explain, *Hockersmith, Dee,* and *West* are distinguishable.

In *People* v. *Hockersmith* (1990) 217 Cal.App.3d 968 [266 Cal.Rptr. 380] there was no motion to bifurcate, no jury waiver, no admission of the enhancement, and no proof hearing. *Hockersmith* is distinguishable.

Both *People* v. *Dee* (1990) 222 Cal.App.3d 760 [272 Cal.Rptr. 208] and *People* v. *West* (1990) 224 Cal.App.3d 1283 [274 Cal.Rptr. 524] are also, but more narrowly, distinguishable.[4] In neither, *prior* to jury discharge, did defense counsel represent there would be an enhancement jury waiver nor, *in reliance upon that representation,* did the trial court then discharge the jury.

Based upon our review of the cases, we conclude the following: (1) the right against double jeopardy, although fundamental, is not within the ambit of *Boykin* v. *Alabama* (1969) 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709] and *In re Tahl* (1969) 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449] and does not require *personal* waivers; (2) the right can be waived by consent to the discharge of a sworn jury; (3) counsel, on behalf of a defendant, can consent to discharge; and (4) the practical effect of counsel informing a trial judge that a defendant wants a court trial on the issue of the validity of a prior conviction which results in a jury's discharge is a waiver of the right of that defendant to later claim jeopardy attached. A defendant who is desirous of waiving a trial by jury can hardly be heard to complain when he gets his wish. (Cf. *People* v. *Cooper* (1991) 53 Cal.3d 771, 827 [281 Cal.Rptr. 90,

---

[3]The minute order of April 30, 1990, which omits this bifurcation order, is incorrect. Also incorrect is the May 1, 1990, minute order which states "defendant waives jury."

[4]*People* v. *Saunders* (1991) 232 Cal.App.3d 1574 [285 Cal.Rptr. 485] review granted November 14, 1991 (S022903) is similarly distinguishable.

809 P.2d 865]; (*People* v. *Ryan* 234 Cal.App.3d 289 [285 Cal.Rptr. 712] review granted Dec. 12, 1991 (S023498).)

Appellant's contention is not well taken.

3. *Appellant contends the section 12022.1[5] enhancement is invalid.*

■ There are only two flaws in the enhancement. One, it is inapplicable. Two, in imposing it the trial court violated appellant's constitutional rights of due process and jury trial. We explain.

The enhancement is inapplicable because on December 12, 1989, when appellant resisted Security Officers Edwards and Cruz he was *in custody,* hence the offenses were *not* "committed while the person *is* released from custody." (§ 12022.1, subd. (a)(2).)

[5]The section provides:

"(a) For the purposes of this section only:

"(1) 'Primary offense' means a felony offense for which a person has been released from custody on bail or on his own recognizance prior to the judgment becoming final, including the disposition of any appeal, or for which release on bail or his or her own recognizance has been revoked.

"(2) 'Secondary offense' means a felony offense alleged to have been committed while the person is released from custody for a primary offense.

"(b) Any person arrested for a secondary offense which was alleged to have been committed while that person was released from custody on a primary offense shall be subject to a penalty enhancement of an additional two years in state prison which shall be served consecutive to any other term imposed by the court.

"(c) The enhancement allegation provided in subdivision (b) shall be pleaded in the information or indictment which alleges the secondary offense and shall be proved as provided by law. The enhancement allegation may be pleaded in a complaint but need not be proved at the preliminary hearing for the secondary offense.

"(d) Whenever there is a conviction for the secondary offense and the enhancement is proved, and the person is sentenced on the secondary offense prior to the conviction of the primary offense, the imposition of the enhancement shall be stayed pending imposition of the sentence for the primary offense. The stay shall be lifted by the court hearing the primary offense at the time of sentencing for that offense and shall be recorded in the abstract of judgment. If the person is acquitted of the primary offense the stay shall be permanent.

"(e) If the person is convicted of a felony for the primary offense, is sentenced to state prison for the primary offense, and is convicted of a felony for the secondary offense, any state prison sentence for the secondary offense shall be consecutive to the primary sentence.

"(f) If the person is convicted of a felony for the primary offense, is granted probation for the primary offense, and is convicted of a felony for the secondary offense, any state prison sentence for the secondary offense shall be enhanced as provided in subdivision (b).

"(g) If the primary offense conviction is reversed on appeal, the enhancement shall be suspended pending retrial of that felony. Upon retrial and reconviction, the enhancement shall be reimposed. If the person is no longer in custody for the secondary offense upon reconviction of the primary offense, the court may, at its discretion, reimpose the enhancement and order him or her recommitted to custody."

The Attorney General's response to this fatal defect is, to understate it, unusual. The Attorney General argues that appellant was "released from custody" on December 12, 1989, because prior to that time he had been *paroled* on 1985 burglary convictions in case No. A461329. There are two problems with this argument.[6] First, the enhancement alleges that appellant was released from custody in case No. NA000849 (the Sept. 9, 1989, possession of heroin offense, count I) *not* in case No. A461329. Second, it ignores the fact that when appellant committed the "secondary offenses" he was no longer a person "released from custody" but a person *in custody*.

■ As Justice Johnson observed for a unanimous court: "The purpose of section 12022.1 is to meet public concern over offenders who are arrested then allowed back on the street a short time later only to commit more crimes." (*People* v. *Lewis* (1986) 185 Cal.App.3d 923, 927 [230 Cal.Rptr. 115].) That purpose of deterring *street crimes* is manifest in section 12022.1 (See § 12022.1, subds. (a)(1) ["*has* been released"], (a)(2) ["while the person *is* released"], and (b) ["*while* that person was released from custody on a primary offense"].)

■ Although section 12022.1 enhancements are common, we are aware of no case involving an *in custody* section 12022.1 enhancement.

*People* v. *Rodrigue* (1986) 187 Cal.App.3d 828 [232 Cal.Rptr. 187], whose headnote the trial court relied upon, is not such a case. The defendant was released on bail (primary offense), had his bail revoked, and *remained at liberty* when he committed the secondary offense. *Rodrigue* is inapposite.

■ The other flaw is constitutional. Enhancements, i.e., punishment allegations, must be alleged and proved to a jury, unless a jury is waived. (*People* v. *Najera* (1972) 8 Cal.3d 504, 509-512 [105 Cal.Rptr. 345, 503 P.2d 1353]; *People* v. *Hernandez* (1988) 46 Cal.3d 194, 205, 208 [249 Cal.Rptr. 850, 757 P.2d 1013]; § 12022.1, subd. (c) ["The enhancement . . . shall be pleaded . . . and shall be proved as provided by law."]; § 1170.1, subd. (f) ["The enhancements provided in Sections . . . 12022.1 . . . shall be pleaded and proven as provided by law."].) Here, the enhancement was only alleged. No proof was offered to the jury and no determination was made by them. Appellant was not asked to and did not waive jury. The trial court leaped from allegation to punishment, omitting all the "in-between steps."

---

[6]This "argument" is made for the first time on appeal. The trial prosecutor relied upon appellant having been released from custody on the *alleged* "primary offense," case No. NA000849. So too did the trial court.

■ We do not remand this case not only because the enhancement, being inapplicable, *cannot* be found true but also because (even if it were applicable) "fundamental fairness forbids [such] piecemeal jury litigation." (*People* v. *Najera*, *supra*, 8 Cal.3d 504, 511, 512.)

### DISPOSITION

That part of the judgment finding the section 12022.1 enhancement true is reversed. The abstract of judgment is ordered corrected by deleting in section "3. ENHANCEMENTS" reference to section 12022.1, striking "2" (indicating two years), and changing the enhancement total from "3" to "1." Further, in section "8. TOTAL TERM IMPOSED" the "7 year, 4 month" term shall be changed to "5 (years), 4 (months)." In all other respects the judgment is affirmed.

Lillie, P. J., and Johnson, J., concurred.