Filed 8/19/16  P. v. Roe CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C076048 |
| Plaintiff and Respondent, | (Super. Ct. No. 12F03646) |
| v. | |
| JOEL EDWARD ROE, | |
| Defendant and Appellant. | |

A jury found defendant Joel Edward Roe guilty of three of five theft-related charges, two convictions of which were felonies and one was a misdemeanor.  The trial court sentenced him to an aggregate prison term of five years and six months in county jail.  The court imposed the four-year upper terms for both felonies, based on an elevated triad due to defendant's prior conviction (Pen. Code § 666.5, subd. (a)),[1] and, as to one, a

---

[1]    Undesignated statutory references are to the Penal Code.

1

consecutive one-year term for his prior prison term (§ 667.5, subd. (b)). One of the felony sentences was stayed pursuant to section 654.

On appeal, defendant contends the imposition of the upper term and use of the elevated triad for the prior conviction, as well as the additional one-year term for the prior prison term violated his right to due process under the federal Constitution because he admitted neither the prior conviction nor the prior prison term, nor did the trial court hear evidence or make findings as to those special allegations. He further contends that, while double jeopardy does not bar retrial of the prior conviction allegation, it does bar retrial of the prior prison term allegation because he did not waive his right to a jury trial and the jury was discharged.

The People concede the trial court's error as to both special allegations, but argue retrial is appropriate in both instances because defendant waived his right to a jury trial on both.

We reverse and remand for further proceedings and resentencing, if necessary, as to the two special allegations. In all other respects, we affirm the judgment.

PROCEDURAL HISTORY[2]

Defendant was charged by amended complaint, deemed the information, with unlawfully driving a vehicle with intent to deprive the owner of its title and possession (Veh. Code § 10851, subd. (a)—count one), receiving a stolen vehicle (§ 496d, subd. (a)—count two), two other counts of receiving stolen property (§ 496, subd. (a)—counts three and four), and theft of personal property (§ 484—count five). The amended complaint alleged, as to counts one and two, defendant had a prior conviction for

---

[2]     Given the limited nature of defendant's claims, a detailed recitation of the substantive facts underlying his convictions is unnecessary. Relevant facts will be discussed where necessary in the discussion.

violating Vehicle Code section 10851, subdivision (a) (§ 666.5, subd. (a)), for which he served a prior prison term within the meaning of section 667.5, subdivision (b).

The trial court granted defendant's motion in limine to bifurcate the special allegations.

Following a trial, the jury found defendant guilty of counts one, two, and five, but was unable to reach a verdict on counts three and four. The trial court declared a mistrial as to those counts.

The trial court denied probation and sentenced defendant to an aggregate prison term of five years and six months in county jail as follows: As to count one, the court imposed the upper term of four years, plus one year for the prior prison term; as to count two, the court imposed the upper term of four years, stayed pursuant to section 654; and as to count five, the court imposed a consecutive term of 180 days.

Defendant timely appealed.

DISCUSSION

Defendant contends, and the People concede, that the trial court erred in imposing sentence enhancements for the prior conviction allegation (§ 666.5, subd. (a)) and the prior prison term allegation (§ 667.5, subd. (b)), neither of which was admitted by defendant or found true by the trier of fact, nor was evidence presented to support those allegations. We agree.

Defendant and the People also agree, as do we, that remand for retrial is appropriate to determine if there is sufficient evidence of a qualifying prior conviction for purposes of imposing the upper term of the elevated triad as to counts one and two pursuant to section 666.5.[3]

---

[3]     As relevant here, section 666.5, subdivision (a), provides that a defendant who, having been previously convicted of a felony violation of Vehicle Code section 10851 or a felony violation of Penal Code section 496d, regardless of whether he or she actually

3

Defendant contends retrial of the prior prison term allegation is not appropriate for purposes of enhancing a sentence pursuant to section 667.5, subdivision (b).

It is well-settled that retrial of a prior conviction allegation "offends neither the state nor federal former jeopardy provision. (U.S. Const., 14th Amend. and Cal. Const., art. I, § 15; *People v. Monge* (1997) 16 Cal. 4th 826, 845 [(*Monge*)]; *Monge v. California* (1998) 524 U.S. 721 [141 L.Ed.2d 615]; *Almendarez-Torres v. U.S.* (1998) 523 U.S. 224 [140 L.Ed.2d 350]; *Jones v. United States* (1999) 526 U.S. 227, 248 [143 L.Ed.2d 311]; and *Apprendi v. New Jersey* (2000) 530 U.S. 466 [147 L.Ed.2d 435] [(*Apprendi*)].)" (*Cherry v. Superior Court* (2001) 86 Cal.App.4th 1296, 1306 (conc. opn. of Epstein, J.).)

Defendant argues that because a prior prison term requires proof of facts beyond mere conviction, such as actual imprisonment, completion of the term of imprisonment, and failure to remain free of custody and new offenses for five years, *Apprendi* supersedes *Monge* and establishes a due process right to a jury trial on those additional facts. He is wrong. "[A] plain reading of *Apprendi* refutes [the defendant's] conclusion that *Apprendi* 'superseded' the *Monge* decisions and therefore the bar of double jeopardy precludes retrial of a prior serious felony allegation." (*Cherry v. Superior Court, supra,* 86 Cal.App.4th at p. 1303 (maj. opn. of Curry, J.); see *id.* at p. 1306 (conc. opn. of Epstein, J.).)

---

served a prior prison term for those offenses, is subsequently convicted of any of these offenses "shall be punished by imprisonment pursuant to subdivision (h) of Section 1170 for two, three, or four years, or a fine of ten thousand dollars ($10,000), or both the fine and the imprisonment." (§ 666.5, subd. (a).) Without a prior, the sentence is one year in the county jail. (§ 10851, subd. (a).) Subdivision (c) of section 666.5 provides: "The existence of any fact which would bring a person under subdivision (a) shall be alleged in the information or indictment and either admitted by the defendant in open court, or found to be true by the jury trying the issue of guilt or by the court where guilt is established by plea of guilty or nolo contendere or by trial by the court sitting without a jury."

In any event, defendant, through his counsel, waived his right to a jury trial on both of the special allegations. The trial court granted defendant's motion to bifurcate the prison prior allegation on December 19, 2013. On January 7, 2014, as the jury began its deliberations, the following colloquy took place:

"[THE PROSECUTION]: Did we want to address if there's guilty verdicts, a waiver on the priors?

"[DEFENSE COUNSEL]: Yeah. We talked about that. Can I have just one moment?

"[THE COURT]: Certainly."

"(Discussion off the record.)

"[DEFENSE COUNSEL]: Yes.

"[THE COURT]: Madam Clerk, if you would note that in the file, a waiver on the prior trial should it become necessary. Thank you.

"[DEFENSE COUNSEL]: Thank you."

The right against double jeopardy does not require the defendant's personal waiver in the context of this case. The right can be waived by the defendant's personal consent to the discharge of a sworn jury, or by counsel consenting to discharge on the defendant's behalf. "[T]he practical effect of counsel informing a trial judge that a defendant wants a court trial on the issue of the validity of a prior conviction which results in a jury's discharge is a waiver of the right of that defendant to later claim jeopardy attached." (*People v. Esquibel* (1992) 3 Cal.App.4th 850, 856.) Here, the court discharged the jury in reliance on defense counsel's representation that, in the event a trial on the priors became necessary, a jury trial would be waived. Thus, double jeopardy does not bar the trial court from conducting further proceedings as to proof of the special allegations.

Similarly, the right to a jury trial on special allegations does not require the defendant's personal waiver. "The requirement of an express waiver applies to the constitutional right to a jury trial, but not to jury trial rights that are established only by

5

statute.  ([*People v.*] *Vera* [(1997)] 15 Cal.4th [269,] 278 [(*Vera*)]; [*People v.*] *Saunders* [(1993)] 5 Cal.4th [580,] 589, fn. 5.)  In *Vera*, after the defendant was found guilty of the charged offenses, the trial court, under the belief that the defendant wished to waive his right to a jury trial on allegations that he had served prior prison terms, dismissed the jury and decided those allegations at the subsequent sentencing hearing.  We held that the defendant forfeited his right to a jury trial on those allegations when he failed to object to the trial court's dismissal of the jury.  We explained that '[t]he right to have a jury determine the truth of a prior conviction allegation does not flow from the jury trial provision of article I, section 16 of the California Constitution or the Sixth Amendment of the United States Constitution.  It is derived from statute.' (*Vera, supra*, 15 Cal.4th at p. 277.)  Therefore, the failure to obtain an express waiver of the right to a jury trial did not violate the state constitutional mandate that the waiver of the right to jury trial be made 'by the consent of both parties expressed in open court by the defendant and the defendant's counsel.' (Cal. Const., art. I, § 16.)" (*People v. French* (2008) 43 Cal.4th 36, 46-47.)

## DISPOSITION

Defendant's convictions on counts one, two, and five are affirmed.  The trial court's true findings on the prior conviction and prior prison term allegations are reversed and the sentence as to those allegations is vacated.  The matter is remanded for further

6

proceedings on the prior conviction and prior prison term allegations, and for resentencing, if necessary.  In all other respects, the judgment is affirmed.


      NICHOLSON     , J.


We concur:


     BLEASE       , Acting P. J.


     MURRAY     , J.