**In the Interest of DG, JG and CW, Minor Children.**

**WR, Appellant (Respondent),**

v.

**NATRONA COUNTY DEPARTMENT OF FAMILY SERVICES, Appellee (Petitioner).**

**No. C–95–4.**

Supreme Court of Wyoming.

May 23, 1996.

H. Steven Brown of Brown & Raymond, P.C., Casper, for appellant.

William U. Hill, Attorney General; Michael L. Hubbard, Deputy Attorney General; N. Denise Burke, Assistant Attorney General, Cheyenne, Wyoming, and Kevin P. Meenan, Special Assistant Attorney General, Casper, for appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

THOMAS, Justice.

WR appeals the termination of her parental rights, asserting the district court erred in denying her motion to dismiss for failure to prosecute the action; a summary judgment is not appropriate in such a case; and the statute providing for termination of parental rights is unconstitutional. Following our decision in *Interest of DG*, 825 P.2d 369 (Wyo.1992), the Natrona County Department of Family Services (DFS) refiled a petition for termination of parental rights. The district court entered a Summary Judgment and Final Order granting a motion for summary judgment filed by DFS, which terminated WR's parental rights as to her minor children, DG, JG, and CW. We hold that the district court did not abuse its discretion in denying WR's motion to dismiss for failure to prosecute the action; a summary judgment is appropriate in such a case; and the constitutional issue was waived since it was not raised in the district court. The Summary Judgment and Final Order entered by the district court is affirmed.

In her Brief of Appellant, WR says the issues are:

I. The district court improperly denied Appellant's Motion to Dismiss for Failure to Prosecute.

II. The district court erred in granting the State's Motion for Summary Judgment.

III. The Wyoming termination of parental rights statute is unconstitutional as it denies defendants due process and equal protection under the United States and Wyoming Constitutions.

In the Brief of Appellee, DFS states the issues in this way:

I. Whether the district court properly denied Appellant's Motion to Dismiss for Failure to Prosecute?

II. Whether the district court properly granted the State's Motion for Summary Judgment?

III. Whether the Wyoming termination of parental rights statute, Wyo.Stat. § 14–2–309, is constitutional?

IV. Whether any of the procedural issues raised in Appellant's brief rise to the level of plain error?

A. Did the lower court err in considering prior trial testimony in granting summary judgment?

B. Were guardians ad litem appropriately involved in the district court's proceedings?

C. Did the lower court err in its treatment of the home studies prepared by the Department of Family Services?

This case reaches back to October 1986 when DG, JG, and CW were taken into protective custody by the Natrona County Department of Public Assistance and Social Services (DPASS), now the Natrona County Department of Family Services. At that time, JG was four years old; CW was almost three years old; and DG was five months old. Now these children are thirteen, twelve, and nine. After the children were taken into protective custody, DPASS prepared rehabilitative case plans on December 2, 1986 and March 10, 1989, to which WR agreed, by signing them, to attend counseling, a nurturing program, and parenting classes. These steps were pursued in an effort to reunite the family, but WR failed to complete any of these programs. On August 18, 1989, WR was ordered to pay $25 per month child support. On November 16, 1989, following a hearing, the district court issued an order stating "the minor children shall have no visitation and no contact with their mother." The children have remained in the care and custody of DPASS and DFS since October 1986.

The first petition to terminate the parental rights of WR was filed by DFS in March 1990. After a jury trial, WR's rights were terminated, and that decision was appealed to this court. In our first decision, we set aside the termination of parental rights because inadequate service of process resulted in the failure to attain personal jurisdiction over WR. That decision was filed in January 1992 and, on March 23, 1993, DFS refiled the petition to terminate WR's parental rights. Additional discovery was conducted in the case, and DFS then filed a motion for summary judgment stating, "the minor children of this action have been in the care, custody and control of another person without provision for the said children's support and without communication from their absent natural mother, the Respondent herein, for a period of at least one (1) year." That ground for termination of parental rights is set forth in Wyo.Stat. § 14–2–309(a)(i) (1994).

The motion for summary judgment also alleged, "the children have been abused or neglected by the Respondent, and efforts by DFS and mental health professionals have been unsuccessful in rehabilitating the family, or the Respondent has refused rehabilitative treatment and it is shown that the children's health and safety would be seriously jeopardized by returning to Respondent." This ground for termination of parental rights is found in Wyo.Stat. § 14–2–309(a)(iii) (1994).[1] In granting the motion for

---

1. Wyo.Stat. § 14–2–309 (1994) provides, in pertinent part:

 (a) The parent-child legal relationship may be terminated if any one (1) or more of the following facts is established by clear and convincing evidence:
 (i) The child has been left in the care of another person without provision for the

child's support and without communication from the absent parent for a period of at least one (1) year. In making the above determination, the court may disregard occasional contributions, or incidental contacts and communications;

\* \* \* \* \* \*

summary judgment filed by DFS, the district court invoked only the ground for termination found in WYO.STAT. § 14–2–309(a)(i). WR appeals from the Summary Judgment and Final Order entered on January 27, 1995.

WR first contends error occurred in the denial of her "Motion to Dismiss for Failure to Persecute" [sic], which she presented on December 7, 1994. She stated in her motion, "the State has failed to prosecute this case since filing its Complaint on March 23, 1993 and said matter should be dismissed pursuant to Rule 203 of the Uniform Rules of the District Court. The last action was the Motion for Extension of time on June 16, 1994." In making this assertion, WR relies upon the mandates found in WYO.STAT. § 14–2–312 (1986) and WYO.UNIF.R.DIST.CTS. 203(c), which she contends require a speedy resolution to this case. The statute provides:

> After the petition has been filed, the court shall appoint a guardian ad litem to represent the child unless the court finds the interests of the child will be represented adequately by the petitioner or another party to the action and are not adverse to that party. If the court appoints a guardian ad litem it shall approve a fee for services. **When a petition is filed and presented to the judge, he shall set the petition for hearing.** The Wyoming Rules of Civil Procedure, including the right of a parent, child or interested person to demand a jury trial, are applicable in actions brought under this act.

WYO.STAT. § 14–2–312 (1986) (emphasis added).

UNIFORM RULES FOR DISTRICT COURTS OF THE STATE OF WYOMING 203(c) provides:

> Cases on the docket in which no substantial and bona fide action of record towards disposition has been taken for 90 days are subject to dismissal for lack of prosecution.

WR contends, first, that the court did not set the petition for hearing in accordance with the statute and, second, the rule required dismissal.

▮▮▮ Abuse of discretion is the standard against which we measure an automatic denial of a motion to reinstate an action after the grant of a motion to dismiss for lack of prosecution. In *Randolph v. Hays,* 665 P.2d 500, 504 (Wyo.1983) (quoting *Martinez v. State,* 611 P.2d 831, 838 (Wyo.1980)), we said (emphasis added):

> A court does not abuse its discretion unless it acts in a manner which exceeds the bounds of reason under the circumstances. **In determining whether there has been an abuse of discretion, the ultimate issue is whether or not the court could reasonably conclude as it did.** An abuse of discretion has been said to mean an error of law committed by the court under the circumstances.

In the same case, we discussed lack of prosecution under a prior version of WYO.UNIF. R.DIST.CTS.:

> Rule 14 of the Uniform Rules for the District Courts of the State of Wyoming and Rule 41(b)(2), W.R.C.P., authorize the district courts to dismiss an action for lack of prosecution. Beyond that, a court has inherent power to dismiss an action upon its own motion for lack of prosecution. While no precise rule may be laid down as to what circumstances justify a dismissal for lack of prosecution, the circumstances surrounding each case must be examined, keeping in mind the conflict between the need for the court to manage its docket for the purpose of preventing undue delay on the one hand, and the policy favoring disposition of cases on the merits on the other hand.

*Randolph,* 665 P.2d at 503 (citations and footnotes omitted).

A jury trial was set for August 15, 1994 but, on July 22, 1994, DFS moved for a

---

(iii) The child has been abused or neglected by the parent and efforts by an authorized agency or mental health professional have been unsuccessful in rehabilitating the family or the family has refused rehabilitative treatment, and it is shown that the child's health and safety would be seriously jeopar-

dized by remaining with or returning to the parent; * * *.

We do not address the ground for termination found in WYO.STAT. § 14–2–309(a)(iii) except in passing because the district court did not rely upon it in granting the motion for summary judgment.

continuance on the ground that discovery for the trial needed to be updated; transcripts of depositions and completion of affidavits to support DFS's motion for summary judgment would not be available prior to the August 15, 1994 trial date; and counsel for DFS had a potential conflict because a criminal trial in which he was participating might not be completed. The court granted the motion for continuance, and the trial was set for October 31, 1994. Subsequently, upon request from the court, the jury trial was rescheduled for January 9, 1995. The record demonstrates DFS was continuing its prosecution during the ninety days immediately preceding the filing by WR of the motion to dismiss, and the judge had set the case for hearing and was proceeding with its resolution.

WR does not rely upon any lack of prosecution from the period between June 18, 1993 to January 25, 1994, when the record is devoid of activity. In *United States v. Myers,* 38 F.R.D. 194 (N.D.Cal.1964), the court ruled that a defendant, who failed to move to dismiss for lack of diligent prosecution when a thirty-two month delay existed, was not permitted to continue reliance upon that delay for dismissal after the plaintiff had resumed diligent prosecution. On the basis of this record, DFS proceeded with due diligence after January 25, 1994. In the absence of any special circumstances, WR waived the right she had to dismissal once DFS proceeded with its prosecution of this action.

WR contends she was prejudiced by this delay "because of its effects on the relationship between the parents and children and its use against the parents in termination cases." WR, however, fails to specify how the delay thwarted her defense efforts or her efforts to contact her children or to provide financial support for them. The record does not disclose prejudice to WR.

Given the *bona fide* action occurring within the ninety-day period prior to the motion to dismiss, including the updating of depositions and affidavits and pretrial preparation, and the failure of WR to demonstrate prejudice, we hold no error occurred in the failure to dismiss this case. The district court in this instance could reasonably conclude to deny the motion to dismiss, and there occurred no abuse of discretion.

We turn to the availability of summary judgment as a remedy. We quote from *Matter of Adoption of JLP,* 774 P.2d 624, 627–29 (Wyo.1989) (citations omitted):

Our review of a termination of parental rights is guided by the following principles. The application of the termination statutes is a matter of strict scrutiny. Strict scrutiny is required because of the tension between the fundamental liberty of familial association and the compelling state interest in protecting the welfare of children. The evidence supporting a termination must be clear and convincing. Due to the fundamental nature of the rights affected by a termination action, the procedures involved must satisfy due process.

\* \* \* \* \* \*

Additionally, the Supreme Court decisions in *Santosky* [*v. Kramer,* 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982) ] and *Lassiter* [*v. Department of Social Services of Durham County, North Carolina,* 452 U.S. 18, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981) ] indicate the fundamental fairness and propriety of a particular procedure invoked in a termination proceeding may be reviewed on a case-by-case basis. Accordingly, **we hold that summary judgment is not necessarily precluded in every termination of parental rights case, and we look to the facts in the instant case to determine if summary judgment was properly entered against appellant.**

Summary judgment is appropriately granted where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. W.R.C.P. 56(c).

[W]e review the judgment in the same light as the district court, using the same information. A party moving for summary judgment has the burden of proving the nonexistence of a genuine issue of material fact. Material fact has been defined as one which, if proved, would have the effect of establishing or

refuting an essential element of the cause of action or defense asserted by the parties. Upon examination of a summary judgment, we view the record from the vantage point most favorable to the party opposing the motion, giving him all favorable inferences which may be drawn from the facts.

■ The justification for termination of WR's parental rights in this case is set forth in WYO. STAT. § 14–2–309:

(a) The parent-child legal relationship may be terminated if any one (1) or more of the following facts is established by clear and convincing evidence:

(i) The child has been left in the care of another person without provision for the child's support and without communication from the absent parent for a period of at least one (1) year. In making the above determination, the court may disregard occasional contributions, or incidental contacts and communications; * * *.

When termination is sought under WYO.STAT. § 14–2–309(a)(i), it must be demonstrated by clear and convincing evidence that, for a period of at least one year, the children have been left in the care of another person without provision for their support and without communication from the absent parent.

■ The supporting materials for the motion for summary judgment filed by DFS included the affidavit of the case worker for DFS; the deposition of WR, taken July 8, 1994; the transcript of sworn testimony and exhibits received in evidence at the 1991 trial; the case plan and reports to the court; and other matters encompassing the court file. These materials demonstrated WR was ordered to pay $25 per month child support beginning August 1, 1989; WR's family income was between $40,000 and $52,000; and WR had only paid $25 child support once in the eight years since the children were taken into protective custody by DFS. DFS also demonstrated only sporadic and minimal telephone and physical contact by WR with her children since they were taken into protective custody. While living in Colorado

and Arizona from February 1987 to July 1988, WR had only incidental contact with her children consisting of four telephone contacts, two letters and two short visits. On returning to Casper in mid-July 1988, until March 1989, WR participated in two visitations with her children and failed to attend visitation on several other occasions. In March 1989, she moved from Wyoming and, from mid-July 1989 to December 1994, WR had only five telephone conversations with her children.

WR contends each issue presented by DFS was countered by deposition, home assessment, and counter-affidavits. While she points to documents addressing the issue of abuse, neglect, and rehabilitation,[2] she presented no evidence that she contacted and communicated with DG, JG, and CW more than incidentally. WR did not deny in her deposition that she had made only one $25 contribution to the support of the children. No attempt was made to establish she had made more than occasional contributions or more than incidental contacts and communication. She offered excuses for the failure to make more than occasional contributions or to accomplish more than incidental contacts and communications, but she offered no evidence in response to the materials DFS submitted in support of the motion for summary judgment.

She argues that "[i]f the state takes a child, the child is not without provision for his support and the grounds for termination don't exist as the statute is currently written." The thrust of her argument is that, when a parent conducts herself in such a manner that her children must be placed in protective custody, she automatically provides for the support of the children. This position challenges credulity, is inconsistent with any sound public policy, does not capture the intent of the legislature, and must be rejected. It is incredible that, even after the jury in the 1991 trial found all three children to have "been left by [WR] in the care of another person or agency without provision for the child[ren]'s support and

---

**2.** WR did present a social-home study conducted by Colorado which demonstrated a dramatic change in her personal life since the children were taken into protective custody.

without communication from [WR] for a period of at least one year," WR continued her refusal to furnish support even though doing so would have been of benefit to her in the second termination proceeding.

In asserting the summary judgment was not properly granted, WR points to the fact that the guardian *ad litem* failed to file an updated report, and the district court considered testimony from the prior file, reports by psychologists not under oath, and conclusional hearsay statements found in DFS's motion for summary judgment. These contentions address only the second ground for the motion for summary judgment, and the district court did not adopt that ground for termination of parental rights. Under the circumstances, there is no need for us to address them.

WR also speculates about the potential general evils of Wyo.Stat. § 14–2–317 (1986), which provides:

An order terminating the parent-child legal relationship divests the parent and the child of all legal rights, privileges, duties and support obligations with respect to each other except the right of the child to inherit from the parent shall not be affected by the order. The parent whose parent-child legal relationship has been terminated is not thereafter entitled to the notice of proceedings for the adoption of the child, nor has he any right to object to the adoption or otherwise participate in the adoption proceedings.

WR produces no evidence of any arbitrary application or abuse of discretion in this case, and we also decline to address that argument. We have said:

Once the moving party has properly supported a motion for summary judgment by affidavits, answers to interrogatories, or depositions, **the party opposing summary judgment cannot rely upon allegations or denials in his pleadings but must come forth with materials demonstrating a genuine issue for trial.** W.R.C.P. 56; (once movant has established prima facie case, burden shifts to opposing party to come forward with competent evidence of specific facts countering the facts presented by the movant).

*Matter of Adoption of JLP*, 774 P.2d at 629–30 (emphasis added, citations omitted).

Examining the record and considering only the evidence favorable to WR, together with any appropriate inferences to be drawn therefrom, as we are required to do, we hold DFS without question established by clear and convincing evidence that there was no genuine issue of material fact concerning WR having left DG, JG, and CW in the care of another person without provision for their support and without communication from her for at least one year. The decision of the trial court disregards her occasional contributions for support and incidental contacts and communications. This is consistent with the provision of Wyo.Stat. § 14–2–309(a)(i) that "the court may disregard occasional contributions or incidental contacts and communications." WR was accorded appropriate due process in the context of summary judgment, and no issues of material fact were presented. It is clear DFS is entitled to judgment as a matter of law.

WR also asserts Wyo.Stat. § 14–2–309(a)(i) is unconstitutional because it discriminates against indigent persons by terminating parental rights on the ground of non-support in violation of her right to equal protection of the law.[3] WR also asserts that her right to substantive due process was violated since the statute is void for vagueness. These contentions of unconstitutionality are presented for the first time on appeal. Previously, we have said with respect to the constitutionality of the parental rights termination statutes:

Wyo. Const. art. 1, § 2 provides:
In their inherent right to life, liberty and the pursuit of happiness, all members of the human race are equal.
Wyo. Const. art. 1, § 6 states:
No person shall be deprived of life, liberty or property without due process of law.

---

**3.** WR did not direct our attention to specific provisions of the Federal or State Constitutions that are violated. She does allude to U.S. Const. amend. XIV, which provides, in pertinent part:
Nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

" * * * [T]hat in the absence of fundamental error affecting a substantial right of the appellant or involving the jurisdiction of the court, **we do not consider questions sought to be raised for the first time on appeal.** Furthermore, unless plain error is present, questions concerning the constitutionality of a statute are not considered on appeal if the party presenting them failed to present or argue the contentions in the trial court." *Jahnke v. State,* Wyo., 692 P.2d 911, 928 (1984). (Citations omitted.)

There is no question that termination of parental rights is directed toward a right that is fundamental and substantial.

*TR v. Washakie County Dep't of Pub. Assistance and Social Services,* 736 P.2d 712, 719–20 (Wyo.1987) (emphasis added).

 Even though the right to associate with one's immediate family is a fundamental liberty *(DS v. Dep't of Pub. Assistance and Social Services,* 607 P.2d 911, 918 (Wyo. 1980)), and even though WR asserts the suspect class of wealth is involved *(Washakie Sch. Dist. No. 1 v. Herschler,* 606 P.2d 310 (Wyo.1980), *cert. denied sub nom., Hot Springs Sch. Dist. No. 1 v. Washakie County Sch. Dist. No. 1,* 449 U.S. 824, 101 S.Ct. 86, 66 L.Ed.2d 28 (1980)), her contentions do not raise a fundamental error or a jurisdictional issue. Plain error is not indicated by this record. We are unable to discern a "clear and unequivocal rule of law, which particular facts show was transgressed in a clear and obvious, not merely arguable way." *TR,* 736 P.2d at 720 (quoting *Jahnke,* 692 P.2d at 928).

There is no evidence in the record to support any contention by WR that she is indigent and unable to pay child support. Instead the record discloses an annual family income between $40,000 and $52,000. She asserts she could support the children on this income if they were returned to her, but also claims to be indigent and unable to pay for the legal expenses of the termination proceeding or this appeal. She asserts the sufficiency of income when that claim is beneficial to her and asserts indigence when that is to her benefit.

Such inconsistent positions are not viewed with respect by this court. We have said:

We have continually expressed our concern about the invocation of inconsistent positions by parties in judicial proceedings. In *Bredthauer,* 864 P.2d at 445, we said:

This court has, on several occasions, invoked the doctrine of judicial estoppel. In *Hatten [Realty Co. v. Baylies,* 42 Wyo. 69, 290 P. 561 (1930) ], this court held that where "a man is successful in the position taken in the first proceeding" then that position "rise[s] to the dignity of conclusiveness." *Hatten,* 42 Wyo. at 93, 290 P. at 568.

In *Allen [v. Allen,* 550 P.2d 1137 (Wyo.1976) ], we described judicial estoppel as a doctrine which estops a party to play fast and loose with the courts or to trifle with judicial proceedings. It is an expression of the maxim that one cannot blow hot and cold in the same breath. A party will just not be allowed to maintain inconsistent positions in judicial proceedings * * *.

*Allen,* 550 P.2d at 1142. In [*Matter of Paternity of* ] *JRW,* [814 P.2d 1256 (Wyo.1991) ], we stated that under the doctrine of judicial estoppel:

"[A] party who by his pleadings, statements or contentions, under oath, has assumed a particular position in a judicial proceeding is estopped to assume an inconsistent position in a subsequent action."

In addition to the requirement of inconsistent positions, most courts also require that the "initial position taken must be one regarding fact." In other words, judicial estoppel does not apply to legal conclusions based on undisputed facts.

*Matter of Paternity of SDM,* 882 P.2d 1217, 1224 (Wyo.1994) (citations omitted).

For the first time in this appeal, WR is attempting to assert the Wyoming parental termination statutes are unconstitutional. When that factor is considered with her failure to demonstrate how she was denied due process or how any alleged vagueness in the statute failed to furnish her fair warning regarding what parental conduct was expect-

ed of her, the assertion of unconstitutionality is simply too little and too late. We decline to address the constitutional claims any further.

Under our precedent, the district court did not abuse its discretion when it denied WR's motion to dismiss for failure to prosecute because substantial and *bona fide* actions toward disposition of the case had occurred within ninety days as required by WYO.UNIF. R.DIST.CTS. 203(c). Summary judgment is appropriate in a parental rights termination case when, as here, there is no genuine issue of material fact, and the parent does not refute evidence of nonsupport and incidental contact. The constitutional issues are of no help to WR in this instance.

We affirm the Summary Judgment and Final Order of the district court.