983 P.2d 1205 (1999)
In the Interest of HC, a Minor Child:
CAC, Appellant (Respondent),
v.
Natrona County Department of Family Services, Appellee (Petitioner).
No. C-98-4.
Supreme Court of Wyoming.
July 2, 1999.
*1206 Ann M. Rochelle of Williams, Porter, Day & Neville, P.C., Casper, Wyoming, Representing Appellant.
Gay Woodhouse, Chief Deputy Attorney General; Michael L. Hubbard, Deputy Attorney General; Dan S. Wilde, Assistant Attorney General, Representing Appellee.
Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN and TAYLOR,[*] JJ.
*1207 GOLDEN, Justice.
Following Appellant CAC's second misdemeanor conviction of child endangerment, which constituted a felony conviction because of the enhancement provision under Wyo. Stat. Ann. § 6-4-403(a)(ii) and (c), and following her filing of the notice of appeal of right from that conviction, which matter is now pending in this Court, the Department of Family Services, State of Wyoming (DFS), filed a petition in the district court for the termination of CAC's parental rights to her daughter, HC, on the grounds that (1) CAC neglected HC, DFS's efforts to rehabilitate the family have been unsuccessful, and HC's health and safety would be seriously jeopardized by returning HC to CAC, Wyo. Stat. Ann. § 14-2-309(a)(iii); and (2) CAC is incarcerated because of a felony conviction and is unfit to have the custody and control of HC, Wyo. Stat. Ann. § 14-2-309(a)(iv). After CAC answered, denying the allegations, DFS filed a motion for summary judgment on its petition, supported by affidavits and court documents. CAC opposed the motion, filing counter affidavits. Without holding a hearing on the motion the district court granted summary judgment and entered its order terminating CAC's parental rights to HC based on the two statutory grounds advanced by DFS. Appealing that order, CAC contends that genuine issues of material fact exist relating to the grounds, that DFS's affidavits do not comply with the requirements of W.R.C.P. 56(e), and that the district court did not afford CAC due process of law when it granted DFS's motion.
This Court holds that reversal of the summary judgment and remand for further proceedings are required for several reasons. For one thing, the district court's failure to hold a hearing on the motion violated CAC's right to due process of law. For another thing, this Court holds that the affidavits submitted by DFS to support its motion do not comply with the requirements of W.R. C.P. 56(e), and, therefore, the district court erred in granting the motion which was not supported by admissible clear and convincing evidence as the law requires. Finally, this Court takes notice that CAC's felony conviction, which is central to one of the grounds for termination advanced by DFS, is on appeal of right to this Court and, until resolved by this Court, cannot qualify as a "conviction" under Wyo. Stat. Ann. § 14-2-309(a)(iv) for the purpose of the termination of CAC's parental rights to HC. For all of these reasons, this Court has no other choice but to reverse the summary judgment in DFS's favor and to remand for further proceedings consistent with this opinion.

ISSUES
Appellant CAC presents these issues for our review:
1. Under Wyo. Stat. § 14-2-309(a)(iii), were there no material issues of fact and was summary judgment proper as a matter of law?
2. Under Wyo. Stat. § 14-2-309(a)(iv), were there no material issues of fact and was summary judgment proper as a matter of law?
Appellee rephrases the issues as:
Whether the District Court properly granted the State's motion for summary judgment?

FACTS
"Upon examination of a summary judgment, we view the record from the vantage point most favorable to the party opposing the motion, giving [her] all favorable inferences which may be drawn from the facts." In Interest of DG, 916 P.2d 991, 996 (Wyo. 1996) (quoting Matter of Adoption of JLP, 774 P.2d 624, 629 (Wyo.1989)).
On November 12, 1997, DFS filed an amended petition for termination of CAC's parental rights to her six-year-old daughter, HC. That petition stated that the child had been abused or neglected; efforts by the State had not successfully rehabilitated the family; and the child's health and safety would be seriously jeopardized by returning her to CAC. It further stated that CAC was incarcerated for a felony conviction and unfit to have the custody and control of the child. On December 16, 1997, DFS filed the affidavit of the social worker assigned to the case involving the child. That affidavit stated that all information in it was obtained while *1208 working in that capacity, from documentation in the DFS files, and from data provided by the DFS investigator assigned to the case. On December 18, 1997, DFS moved for summary judgment, relying upon this affidavit, an affidavit signed by a DFS investigator which repeated the first affidavit, and the judgment and sentence and court documents from CAC's misdemeanor and felony convictions for child endangerment. The court documents included affidavits of the officers investigating the injuries to HC which resulted in CAC's convictions for misdemeanor and felony child endangerment.
The first officer's affidavit revealed that she was advised that on April 14, 1992, CAC brought an injured HC, then eight months old, to the emergency room at the Wyoming Medical Center in Casper, Wyoming. The officer was told by a doctor that an examination revealed that HC had a right side skull fracture and a left femur fracture that was in the process of healing, as well as facial bruising. DFS reported that the examination established that HC had also suffered three rib fractures, but the documentation of the examination was not attached to either affidavit. The affidavit also stated that CAC's boyfriend, Floid Boyer, admitted to the officer that he had inflicted the injuries on HC.
CAC pled guilty to misdemeanor child endangerment and was placed on probation for one year for failure to protect HC from harm and for a delay in seeking medical treatment for the injured child. DFS reported, without accompanying documentation, that HC was placed in the legal and physical custody of DFS on April 16, 1992, and DFS provided extensive services to CAC to improve her parenting skills with the purpose of reuniting her with HC. Physical custody was returned to CAC in September of 1994.
The affidavit stated that DFS received reports of extreme filth and unsanitary and unsafe conditions in CAC's home, which were substantiated by DFS in April of 1995, and a court hearing was held on child neglect complaints. Following that hearing, physical and legal custody were returned to CAC on May 15, 1995. Documentation of the neglect complaint, the investigation substantiating the neglect, and court hearing were not filed with the affidavits.
On June 28, 1995, DFS received a report that HC, then age three, was at the Wyoming Medical Center where she was being treated for second and third degree burns over twenty percent of her body. The officer's affidavit reported that another officer told him that these injuries were inflicted by Boyer who claimed to have spilled coffee on HC, that CAC learned of the burns in the afternoon, observed them at 7:00 p.m. that evening when she returned home from work, and left HC in the care of a fourteen-year old babysitter while she and Boyer went to play darts. CAC told the babysitter of the injuries but did not provide special instructions or medication for HC. The officer's affidavit reported that another officer told him he had observed CAC pushing HC in a stroller at about 3:00 a.m., and she informed him that she was taking HC to the hospital emergency room for treatment. The officer's affidavit reported that a fire inspector and a plastic surgeon informed him that the injuries were burns from an open flame. Supporting documentation about the examination and its results were not included with the affidavit. DFS's affidavits reported, without accompanying documentation, that in addition to CAC's failing to promptly get medical care for her daughter, CAC's home was extremely filthy and dangerous to a child with burns who was at serious risk of infection.
Soon after this burn incident, law enforcement authorities arrested CAC and charged her with child endangerment. HC was placed in foster care on June 30, 1995, where she has remained to this day. After much delay in the criminal proceeding, CAC was found guilty of child endangerment on May 16, 1997. Because that conviction was her second conviction of that offense, under the applicable enhancement statute it constituted a felony conviction. On July 1, 1997, the court entered judgment and sentence on the conviction which resulted in CAC's incarceration at the Wyoming Women's Center for a term of not less than twenty-four months and not more than forty-eight months with credit for nine days pre-trial incarceration. On July 14, 1997, CAC filed her notice of appeal *1209 of right from that conviction, serving a copy of that notice on, among others, the district attorney.
Nine days later, on July 23, 1997, DFS, through the assistant district attorney, filed its petition to terminate CAC's parental rights to her minor daughter, HC. On November 12, 1997, DFS filed an amended petition. After CAC filed her answer which denied DFS's allegations, discovery ensued. Each party filed a motion for summary judgment with supporting material. The record does not include any mention of the district court's conducting a hearing on the motions for summary judgment. On February 4, 1998, the district court issued its decision letter in which it announced it was granting DFS's motion for summary judgment. In the decision letter, the court noted that efforts to rehabilitate the family were unsuccessful as evidenced by the 1995 neglect complaint, HC's 1995 burn injuries, and CAC's second child endangerment conviction. The court was persuaded by the convictions that HC's health and safety would be seriously jeopardized by being returned to CAC. The court ruled that the essential elements for termination of CAC's parental rights to HC, under Wyo. Stat. Ann. § 14-2-309(a)(iii) and (iv), were established, and granted summary judgment in DFS's favor by order on April 23, 1998. CAC timely filed her notice of appeal of right from that summary judgment. Meanwhile, CAC's appeal of right from the felony child endangerment, which was filed before DFS's parental rights termination petition, remains pending in this Court, having been submitted in oral argument on March 16, 1999.

DISCUSSION

Standard of Review
On rare occasions, a termination of parental rights can be accomplished by summary judgment where the petitioner establishes its case under Wyo. Stat. Ann. § 14-2-309. Matter of Adoption of JLP, 774 P.2d 624, 628 (Wyo.1989). Parental rights are a recognized fundamental liberty right protected by both the federal and state constitutions. DS v. Dept. of Public Assistance & Social Services, 607 P.2d 911, 918-19 (Wyo. 1980). We apply a strict scrutiny standard to the application of the termination statutes because the constitutional right conflicts with the state's compelling interest in protecting the welfare of children. We will, however, uphold a termination of parental rights when the procedures used satisfy due process and the evidence is clear and convincing. MB v. Laramie County Dept. of Family Services in Interest of LB, 933 P.2d 1126, 1129 (Wyo. 1997).
"Summary judgment is appropriately granted where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. W.R.C.P. 56(c).
[W]e review the judgment in the same light as the district court, using the same information. A party moving for summary judgment has the burden of proving the nonexistence of a genuine issue of material fact. Material fact has been defined as one which, if proved, would have the effect of establishing or refuting an essential element of the cause of action or defense asserted by the parties. Upon examination of a summary judgment, we view the record from the vantage point most favorable to the party opposing the motion, giving him all favorable inferences which may be drawn from the facts."
In Interest of DG, 916 P.2d 991, 995 (Wyo. 1996) (quoting Matter of Adoption of JLP, 774 P.2d at 629 (citations omitted)). We may uphold the grant of summary judgment upon any proper legal ground finding support in the record. Ahearn v. Anderson-Bishop Partnership, 946 P.2d 417, 422 (Wyo.1997).
Initially, we are concerned with the lack of a record establishing that a hearing was held on the motions for summary judgment. Neither party addresses this issue; however, this Court may review issues directly involving an appellant's fundamental rights. Herdt v. State, 816 P.2d 1299, 1300 (Wyo.1991). This Court has concluded that parental rights are fundamental and are of constitutional magnitude, and has determined that "[w]hen addressing fundamental rights of constitutional magnitude, the court must *1210 accommodate to the keenest spirit of procedural due process." Matter of BJB, 888 P.2d 216, 219 (Wyo.1995).
Matter of Adoption of JLP is our seminal decision on the propriety of summary judgments in a parental rights termination action. While it is true that this Court in Matter of Adoption of JLP held that "summary judgment is not necessarily precluded in every termination of parental rights case," this Court qualified that holding by stating it would consider such summary judgment procedure on a case-by-case basis. Matter of Adoption of JLP, 774 P.2d at 628. In this case, the naturally abbreviated summary judgment process was further shortened when the district court failed to conduct a hearing before granting DFS's summary judgment motion.
In a parental rights termination proceeding, due process requires a meaningful opportunity to be heard, i.e., some kind of hearing. Matter of Adoption of JLP, 774 P.2d at 632. In Matter of Adoption of JLP, an abbreviated summary judgment motion hearing, at which appellant appeared through counsel, was found to be sufficient where, in response to appellees' initial showing, appellant had the burden to come forth with specific evidence to establish a genuine issue of fact; he failed to do so; and it was manifestly obvious that he could not do so. We held that, under the circumstances of the case, the applicable grounds for termination of appellant's parental rights were established by clear and convincing evidence at the summary judgment hearing; appellant was accorded adequate due process under the circumstances; and appellees were entitled to judgment as a matter of law. Id. We emphasized and cautioned, however, that the decision was limited to the specific and unusual facts presented, and we said that we could foresee few other situations in which summary judgment could properly be utilized to effect a termination of parental rights. Id.
In order for this Court to determine if some sort of hearing should have been granted in the district court, Matter of Adoption of JLP directs us to conduct a factual review. CAC's contention that the grant of summary judgment in DFS's favor was not based upon admissible evidence establishing all elements of the parental rights termination statute or complying with W.R.C.P. 56(e) necessitates the same review. In opposing DFS's summary judgment motion, CAC contended that DFS had not provided the court with admissible evidence satisfying all elements of the parental termination statute, Wyo. Stat. Ann. § 14-2-309. That statute provides for the termination of the parent-child legal relationship if clear and convincing evidence establishes any one or more enumerated grounds:
(iii) The child has been abused or neglected by the parent and efforts by an authorized agency or mental health professional have been unsuccessful in rehabilitating the family or the family has refused rehabilitative treatment, and it is shown that the child's health and safety would be seriously jeopardized by remaining with or returning to the parent;
(iv) The parent is incarcerated due to the conviction of a felony and a showing that the parent is unfit to have the custody and control of the child.
Wyo. Stat. Ann. § 14-2-309(a)(iii)[1] and (iv) (Michie Supp.1998). Rule 56(e) states in relevant part:
Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.
W.R.C.P. 56(e).
Our review of the evidence before the district court reveals that DFS's affidavits submitted to support the motion for summary judgment are not based upon personal knowledge, making them inadmissible at trial; contain unsupported conclusions; and lack supporting documentation in violation of W.R.C.P. 56(e). DFS's affidavits were the only evidence establishing the element of unsuccessful *1211 rehabilitative efforts. Without these affidavits, the complete story of HC's injuries and other neglect issues, and DFS's rehabilitative efforts, cannot be established. The police officers' affidavits were provided to supply probable cause for CAC's two child endangerment arrests, but probable cause is a lesser standard than that required for terminating parental rights. These affidavits do not satisfy Rule 56(e) because they contain multiple hearsay and hearsay on hearsay, do not have supporting documentation attached, and are not completely based upon the personal knowledge of each officer. We have consistently required that the evidence which is relied upon to sustain or defeat a motion for summary judgment must be such as would be admissible at trial, and that it should be as carefully tailored and professionally correct as any evidence which would be presented to the court at the time of trial. Equality Bank of Evansville, Wyo. v. Suomi, 836 P.2d 325, 330 (Wyo.1992) (citing Gennings v. First National Bank of Thermopolis, 654 P.2d 154, 155 (Wyo.1982); and Newton v. Misner, 423 P.2d 648, 650 (Wyo.1967)). Compliance with Rule 56 is mandatory. Greenwood v. Wierdsma, 741 P.2d 1079, 1084-85 (Wyo.1987). Recognizing that DFS's affidavits did not document that efforts to effect her rehabilitation were unsuccessful or meet the clear and convincing standard in proving her unfit, CAC countered with documentation indicating her rehabilitation had been successful and showing HC's injuries had been received from Boyer while CAC was at work.
Given this state of the evidence, viewed in the light most favorable to CAC, the district court was unable to find that DFS had proved adequate rehabilitation efforts had taken place. Instead, without a hearing, the district court concluded that a subsequent child endangerment conviction satisfied the element of unsuccessful rehabilitation, and concluded that a felony conviction which has not been affirmed on appeal satisfied that element of section (a)(iv) of the statute. The district court does not explain why a hearing was not held and, under these circumstances, the failure to provide a hearing before granting summary judgment deprived CAC of due process. We agree with CAC that DFS failed to comply with Rule 56(e) to such an extent that the clear and convincing evidence standard was not met to establish the circumstances of the injuries, the basis of the child endangerment convictions, other neglect issues, and unfitness. Accordingly, the admissible evidence before us does not establish the elements required under either Wyo. Stat. Ann. § 14-2-309(a)(iii) or (a)(iv), and we reverse the summary judgment and remand with instructions to vacate the order terminating CAC's parental rights and for further proceedings consistent with this opinion.

Felony Conviction Requirement of Wyo. Stat. Ann. § 14-2-309(a)(iv)
CAC's state trial court felony conviction of child endangerment is pending in this Court on direct appeal of right. Because of the status of that conviction, we have raised on our own the question whether the DFS petition to terminate CAC's parental rights may rely upon the statutory ground of felony conviction incarceration and unfitness, Wyo. Stat. Ann. § 14-2-309(a)(iv). We addressed a somewhat similar situation in RW v. Laramie County Dept. of Public Assistance, 766 P.2d 555, 557 (Wyo.1989). In RW, the state relied upon subsection (a)(iv) to terminate the parental rights of parents who had been convicted in federal district court of second degree murder and aiding and abetting second degree murder. Although a federal circuit court of appeals had affirmed their convictions on direct appeal of right, the appellants' application for a discretionary writ of certiorari to the United States Supreme Court was pending. The appellants claimed that the "conviction" requirement of subsection (a)(iv) was not met because of their pending application. Although this Court considered as "clearly pertinent" the appellants' legal authority, a line of California cases deriving from In re Sonia G., 158 Cal.App.3d 18, 204 Cal.Rptr. 498, 501-02 (1984), it decided that resolution of "any and all issues which might arise concerning the meaning of the word `conviction,'" as used in the subsection, was unnecessary to dispose of the appellants' claim. RW, 766 P.2d at 557. We held that the *1212 pendency of the appellants' application for a discretionary writ of certiorari to the United States Supreme Court, following the affirmance on direct appeal of the trial court convictions by a federal circuit court of appeals, did not affect the status of those convictions for purposes of subsection (a)(iv). Id. Of course, RW does not answer the question we must raise here, namely, whether the "conviction" requirement of subsection (a)(iv) is met when the state trial court felony conviction is pending on direct appeal of right to this Court. Because we are reversing and remanding, we will answer the question.
The legislature did not in subsection (a)(iv) or elsewhere define the term "conviction" for purposes of the statute. We recognized in RW "that the word `conviction' may have different meanings within different contexts." RW, 766 P.2d at 557. Faced with a similar situation, a Wisconsin intermediate court of appeals held that the term "conviction" was ambiguous, i.e., it is reasonable to construe the term to mean either the judgment of conviction entered by the trial court or a conviction after the completion of the appeal as of right. In Interest of Kody D.V., 200 Wis.2d 678, 548 N.W.2d 837, 840-41 (App.1996). After reviewing the nature and purposes of parental rights termination proceedings, the court of appeals found troubling the consequences of adopting the meaning of trial court judgment. Id. at 842. It observed:
If an appeal of a judgment of conviction is pending when the termination of parental rights occurs, there is the chance the judgment may be reversed. There may be a new trial, which could result in either a guilty verdict or an acquittal. If the reversal is due to the insufficiency of the evidence, the defendant cannot be retried. Meanwhile, the parent's rights would have been terminated and the child possibly already adopted.
The lack of finality of a conviction that is being appealed raises the question as to whether that conviction is clear and convincing evidence of parental unfitness. That lack of finality also does not ultimately promote permanency and stability for the child. Until the right to appeal has been exhausted, there is no certainty that the supposedly permanent arrangements made for the child will not be disrupted after a successful appeal.
Id. at 842-43 (citations omitted). Based upon those reasons, the court of appeals concluded that the construction of "conviction" more consistent with the nature and purposes of parental rights termination proceedings and the legislature's intent was a conviction after the exhaustion of the appeal as of right. Id. at 843. See In re D.D.F., 801 P.2d 703, 707-08 (Okla.1990), cert. denied, 500 U.S. 922, 111 S.Ct. 2027, 114 L.Ed.2d 113 (1991) (convictions pending on appeal are not final and cannot be the basis for a parental rights termination); In re Sonia G., 158 Cal.App.3d 18, 204 Cal.Rptr. 498, 501 (1984) (judgment of conviction that may be reversed on appeal falls short of "clear and convincing" standard of proof required for parental rights termination); but see In Interest of T.T., 845 P.2d 539, 540-41 (Colo.App.1992) ("long-term confinement" under parental rights termination statute is ground for termination although appeal is pending; verdict and sentence in trial court satisfies "clear and convincing" standard of proof).
We find that the analysis in In Re Interest of Kody, D. V. closely tracks the method of statutory construction we employ, Parker Land and Cattle Co. v. Wyoming Game and Fish Comm'n, 845 P.2d 1040, 1044 (Wyo. 1993), and represents the better reasoning for the various interests affected by our parental rights termination statutes. Consequently, we hold that, for purposes of the parental rights termination statutes, the term "conviction" in Wyo. Stat. Ann. § 14-2-309(a)(iv) means a conviction after the completion of the appeal as of right. Because the appeal as of right of CAC's felony conviction has not been completed, the DFS petition to terminate CAC's parental rights as to her minor daughter, HC, may not be based upon subsection (a)(iv).
We reverse and remand the district court's order granting summary judgment in DFS's *1213 favor with instructions to proceed in accordance with this opinion.
NOTES
[*] retired November 2, 1998
[1] Wyo. Stat. Ann. § 14-2-309(a)(iii) was amended in 1999 by inserting the word "reasonable" preceding "efforts by an authorized agency." Wyo. Sess. Laws Ch. 156 § 1.