29 Kan. App.2d 687 (2001)
29 P.3d 471
In the Interest of M.E.B., DOB: 01-12-92.
No. 86,432.
Court of Appeals of Kansas.
Opinion filed August 24, 2001.
Nancy L. Moore, of Coffeyville, for appellant.
Ann L. Smith, guardian ad litem, of Independence, and F. William Cullins, county attorney, for appellee.
Before ELLIOTT, P.J., JOHNSON, J., and BRAZIL, S.J.
JOHNSON, J.:
F.B., the adoptive father of M.E.B., appeals the trial court's termination of his parental rights, based upon an unfitness presumption for murdering M.E.B.'s mother. F.B. claims the statutory presumption was prematurely invoked because his murder conviction appeal is pending. We disagree with F.B. and affirm.
M.E.B. was born on January 12, 1992. On December 23, 1998, F.B.'s ex-wife, who was M.E.B.'s mother, was murdered. F.B. was convicted of first-degree murder of his ex-wife, along with several other crimes, and is currently serving a hard 40 sentence for the murder. He has appealed his conviction to the Kansas Supreme Court.
After F.B.'s arrest, M.E.B. was taken into protective custody, and child in need of care proceedings were initiated. Following the jury's guilty verdict, F.B. was sentenced for the murder on June 26, 2000. In October 2000, the district court heard the State's motion to terminate F.B.'s parental rights. F.B. chose not to attend *688 the hearing but submitted a letter to the court which was admitted into evidence. In the letter, F.B. professed his innocence and argued that, if his convictions are overturned on appeal, there will be no evidence that he is an unfit parent. He urged the court to postpone the termination hearing until the completion of his criminal appeal. The trial court held that F.B.'s murder conviction triggered a presumption of unfitness pursuant to K.S.A. 38-1585(a)(7); F.B. had failed to overcome the presumption; and F.B. was an unfit parent pursuant to K.S.A. 38-1583(b)(5).
F.B. frames the issue as whether the trial court erred in terminating his parental rights based upon a murder conviction which "has not yet been heard by the appellate courts." Appellant's brief is pitifully scant, conclusory, and unhelpful. Likewise, the State's bald assertion that the statute on termination is unambiguous begs the question. Under K.S.A. 38-1585(a)(7), when is a parent "convicted" of murdering the child's other parent: (1) upon a guilty verdict or finding of guilt at the trial level or (2) upon affirmance of the conviction upon appeal?
Ordinarily, the standard of review in a case involving the termination of parental rights is whether there is substantial competent evidence in the record to support the trial court's decision that the parent was unfit and that the parental rights should be terminated. In re A.N.P., 23 Kan. App.2d 686, 692, 934 P.2d 995 (1997). However, the issue in this case involves an interpretation of K.S.A. 38-1585(a)(7). Interpretation of a statute is a question of law and subject to unlimited review by the appellate courts. In re A.N.P., 23 Kan. App.2d at 687.
K.S.A. 38-1585 provides:
"(a) It is presumed in the manner provided in K.S.A. 60-414 and amendments thereto that a parent is unfit by reason of conduct or condition which renders the parent unable to fully care for a child, if the state establishes by clear and convincing evidence that:
....
(7) a parent has been convicted of capital murder, K.S.A 21-3439 and amendments thereto, murder in the first degree, K.S.A. 21-3401 and amendments thereto, murder in the second degree, K.S.A. 21-3402 and amendments thereto or voluntary manslaughter, K.S.A. 21-3403 and amendments thereto ... and the victim of such murder was the other parent of the child;

*689 ....
"(b) The burden of proof is on the parent to rebut the presumption. If a parent has been convicted of capital murder, K.S.A. 21-3439 and amendments thereto, or murder in the first degree, K.S.A. 21-3401 and amendments thereto as provided in subsection (a)(7), the burden of proof is on the parent to rebut the presumption by clear and convincing evidence. In the absence of proof that the parent is presently fit and able to care for the child or that the parent will be fit and able to care for the child in the foreseeable future, the court shall now terminate the parents parental rights in proceedings pursuant to K.S.A. 38-1581 et seq. and amendments thereto."
Criminal statutes would suggest a person is convicted upon the trial court's entry of judgment following a verdict or finding of guilt. See K.S.A. 22-3424; K.S.A. 2000 Supp. 22-3426; K.S.A. 22-3607. The term "conviction" is defined as: "1. The act or process of judicially finding someone guilty of a crime; the state of having been proved guilty. 2. The judgment (as by a jury verdict) that a person is guilty of a crime." Black's Law Dictionary 335 (7th ed. 1999). However, "conviction" is not defined in the Kansas Code for Care of Children (KCCC), K.S.A. 38-1501 et seq. Other states considering when a conviction may be used against a parent have reached different conclusions.
The Wyoming Supreme Court held that for purposes of the parental rights termination statutes, the term "conviction" means after the completion of the appeal as of right. In re HC., 983 P.2d 1205, 1212 (Wyo. 1999). A majority of a Wisconsin Court of Appeals panel found the term "conviction" used in the termination statutes ambiguous and held it more reasonable to interpret it to mean a "conviction after the completion of the appeal as of right," balancing the child's and parent's competing interests. Monroe County v. Jennifer V., 200 Wis.2d 678, 685-90, 548 N.W.2d 837 (Wis. App. 1996). Other states have held that a father's conviction for sexual offenses against the children was not final prior to the conclusion of an appeal and could not be the basis for the termination of parental rights. In re Sonia G., 158 Cal. App.3d 18, 22-24, 204 Cal. Rptr. 498 (1984); Matter of D.D.F., 801 P.2d 703, 707-08 (Old. 1990), cert. denied 500 U.S. 922 (1991).
On the other hand, an Illinois appellate court construed a statute similar to the KCCC provision and upheld the trial court's invocation *690 of the statutory presumption of unfitness upon conviction, prior to the exhaustion of all state court appeals. In re C.M.J., 278 Ill. App.3d 885, 891-93, 663 N.E.2d 498 (1996). The Illinois court reasoned that: (1) the statute was clear and unambiguous; and (2) its ruling was in the best interests of the children. 278 Ill. App.3d at 891-93. In State ex rel. Families Dept. v. Joe R., 123 N.M. 711, 717, 945 P.2d 76 (1997), the New Mexico Supreme Court allowed a father's termination to proceed notwithstanding the pendency of the direct appeal of the murder conviction, citing the child's interest in some degree of permanency, stability, security, and long-term planning. The Colorado Court of Appeals noted there were a variety of "conviction" definitions in different statutory schemes, but in the termination of parental rights context, it looked to the policies of the applicable statutes and concluded:
"[I]t is apparent that the General Assembly intended `conviction' to mean convicted upon trial. At that time, an accused has had a complete and full opportunity to be heard on the charges against her and a final judgment against her has been entered. [Citations omitted.]
"To hold otherwise would be to violate the important policies of the Children's Code which seek to assure a child of some degree of permanency in long-term planning and to assure the child of a stable and secure environment as soon as possible. [Citation omitted.] If a termination proceeding were required to be stayed until a parent's appellate rights are exhausted, a child would have to spend an indeterminate time, perhaps a great portion of his youth, in foster or other temporary care at a time when the child needs stability and bonding in his relationships. Consequently, we find no error in the trial court's having taken judicial notice of the judgments of conviction and sentence length imposed when terminating mother's parental rights." People in Interest of T.T., 845 P.2d 539, 541 (Colo. App. 1992).
We find the rationale of the Illinois, New Mexico, and Colorado courts more persuasive and more harmonious with the language and spirit of the KCCC. The KCCC is to be liberally construed to "best serve the child's welfare." K.S.A. 38-1501. The KCCC acknowledges "that time perception of a child differs from that of an adult." K.S.A. 38-1584(a). The statutes emphasize the need to reach a permanency plan expeditiously. See K.S.A. 38-1561; K.S.A. 38-1565; K.S.A. 38-1584. The legislature has recognized that reintegration with a parent may not be viable if the child has been *691 in extended out-of-home placement. K.S.A. 38-1565(a)(6). "`Extended out of home placement' means a child has been in the custody of the secretary and placed with neither parent for 15 of the most recent 22 months beginning 60 days after the date at which a child in the custody of the secretary was removed from the home." K.S.A. 38-1502(z). One would expect the extended outof-home placement time threshold to be reached prior to the exhaustion of the appeal process. It is inconceivable that our legislature would intentionally provide that a child's stability and permanency must await the completion of the appeal process.
We find that for purposes of the statutory presumption of K.S.A. 38-1585(a)(7), F.B. was "convicted" upon the entry of the judgment of conviction, following the jury's guilty verdict. The trial court did not err in applying that presumption to F.B. and in terminating the parental rights of F.B. in and to M.E.B.
Affirmed.